The Lake Shore and Michigan Southern Railway Company

*v.*

William F. Hundt.

*Filed at Ottawa March 24, 1892.*

1. NEGLIGENCE—*evidence tending to prove.* In an action against a railway company by a servant for an injury received while using a hand-car, by running a freight car on to the hand-car, the declaration alleged that the plaintiff was in the act of removing the hand-car when the freight car was switched upon him. The evidence tended to show that the car doing the damage was "kicked" or switched on to the track when the injury was received: *Held,* that there was evidence in support of the charge of negligence.

2. The putting of a freight car in motion at a place where men are known to be or where it is known they may be passing, without a brakeman upon it, and without other means of controlling its momentum, is evidence tending to prove negligence; but whether it is sufficient evidence thereof is a question of fact, for the jury to determine.

3. In such a case it is immaterial when the act of causation of the motion of the freight car was begun. If the company put it in motion, before the plaintiff commenced to remove the hand-car, and continued to move it until it struck the plaintiff, the striking was none the less the immediate act of the defendant.

4. PRACTICE IN SUPREME COURT—*judgment for an injury from negligence—of variance.* A judgment in an action to recover for an injury resulting from negligence will not be reversed on the ground of variance in the allegation of the negligence and the proof, or failure of the evidence to sustain the allegation, if there is evidence tending to prove such allegation.

5. INSTRUCTION—*action for a personal injury—measure of damages.* An instruction, in an action to recover for a personal injury, telling the jury that they may take into consideration the injury sustained, the pain and suffering undergone, and any permanent injury sustained, if shown by the evidence, "and such damages, if any, present or future," which the jury may believe, from the evidence, etc., is not erroneous, as directing the jury to assess double damages.

6. SAME—*as to the effect of certain evidence.* Instructions as to the effect of certain evidence on contested questions of fact are properly refused.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

This was an action on the case, for negligence, brought by appellee, against appellant, in the Cook circuit court.

The first count of the declaration is as follows: "For that whereas, the defendant, on the 4th day of November, 1888, in the county of Cook and State of Illinois, was possessed of and using and operating a railroad, extending into and through the township of Lake, in said county, with cars, locomotives, engines and trains of cars running thereon, and used in and about the business of the defendant, and the plaintiff was employed by the defendant as a laborer in and about the yards, roads and business of the defendant, and, as such laborer, was under the control and direction of the defendant, and was on divers occasions required by the defendant to work with and around, about and among the railroad tracks of the defendant's railroad, and to work with and operate and assist in handling cars, commonly known as 'hand-cars,' of the defendant, which hand-cars the defendant required to be so run, used, handled and operated as not to collide or interfere with the regular trains of freight and passenger cars regularly run and operated by the defendant upon and along said railroad, and on the day and at the county aforesaid, a short distance south of Sixty-first street, in said town of Lake, while the plaintiff, in the discharge of his duties as such laborer, was assisting in removing, with all due care and diligence, a hand-car from the track of said railroad, to avoid and prevent the same from colliding and interfering with a passenger train of the defendant then being run and operated by the defendant, and driven southward on a track of the defendant's railroad, the defendant, carelessly and negligently, caused a freight car to be switched and run against the hand-car, while the plaintiff, with all due care and diligence, was removing the same,

and thereby the plaintiff was thrown to the ground, and the hand-car was thrown against and upon him, by means whereof the plaintiff was greatly hurt, bruised, etc., and the left hand of the plaintiff, and the fingers thereof, were so injured, etc., that it was necessary to have the first, third and fourth fingers of said hand wholly amputated close to the hand, and the second or remaining finger was so injured, etc., that from that time it has remained, and always will remain and be, doubled up, stiffened and wholly useless, whereby the plaintiff is and ever will be maimed and wholly deprived of the use of said left hand, and the same has been rendered of no service, and also, by means of the premises, the plaintiff was sick, etc., and so remained hitherto, during all which time the plaintiff suffered great pain, and was hindered and prevented from transacting and attending to his business and affairs, and was deprived of gains and profits which he might and otherwise would have acquired."

Upon the trial, appellant asked the court to instruct the jury as follows:

"1. You are instructed that the evidence is not sufficient to sustain a verdict for the plaintiff, and your verdict must therefore be for the defendant.

"2. You are instructed that the proof varies from the declaration, and the plaintiff, therefore, can not recover, and your verdict must be for the defendant.

"3. You are instructed that the plaintiff can not recover under the first count of the declaration, charging that the defendant carelessly and negligently caused the freight car to be switched against the hand-car, as there is no evidence to support such count.

"15. You are instructed that, inasmuch as it is alleged in every count of the declaration that the accident was caused by the defendant's switching a freight car against the hand-car while the plaintiff was working at it, while the evidence is that the car had been switched and set in motion upon track

No. 1 before the hand-car was set upon or close to that track, and the hand-car was set in the way of the approaching freight car, therefore the evidence varies from the declaration, and your verdict should be for the defendant."

The court refused to so instruct the jury, and appellant excepted.

The jury found for appellee, and the court gave judgment upon the verdict after overruling a motion for a new trial, and this judgment, on appeal to the Appellate Court for the First District, was affirmed. The case is here by appeal from that judgment.

Mr. Pliny B. Smith, and Mr. James I. Best, for the appellant:

It is not negligence, as a matter of law, to permit a car to run along the company's private yards unattended by a brakeman. *Kelly* v. *Railway Co.* 53 Wis. 74; *Railway Co.* v. *Donahue*, 75 Ill. 106.

At most, this must be a fact to go to the jury upon the question of negligence. *Railway Co.* v. *Donahue, supra.*

As to negligence from "kicking" cars, see *Railroad Co.* v. *Baches*, 55 Ill. 379; *Railroad Co.* v. *Dignan*, 56 id. 487; *Railroad Co.* v. *Garvy*, 58 id. 83.

The instruction as to the assessment of damages was erroneous. *Railway Co.* v. *Swinney*, 59 Ind. 100.

Mr. Perry A. Hull, and Messrs. Walker & Judd, for the appellee:

Negligence being a question of fact, the finding of the Appellate Court in respect thereto is conclusive. *Railroad Co.* v. *Brown*, 123 Iowa, 162; *Railroad Co.* v. *Yarwood*, 17 Ill. 509; *Fairbury* v. *Rogers*, 98 id. 554; *Railroad Co.* v. *O'Connor*, 119 id. 586.

Mr. Justice Scholfield delivered the opinion of the Court:

It is contended on behalf of appellant, that a material part of the allegation in the declaration is, that the appellee was in the *act* of removing the hand-car *when* the freight car was *switched* upon him, and that the evidence in the record fails to show that this was the fact. As we understand the record, there is evidence tending to prove that the freight car causing the damage which is the subject of the litigation, was "kicked," as it is termed by the witnesses, on to the track designated No. 1, after appellee began, with the aid of Schielcke, to remove the hand-car from the main track to the track designated No. 1, and that is sufficient for the present question. The weight of the evidence was purely for the jury to determine.

But waiving this, the *gist* of the allegation in the declaration is, that while appellee, who was in appellant's employ, was removing a hand-car from one track to another, to avoid an approaching train, appellant negligently caused a freight car to be switched and run against the hand-car which appellee was removing, and thereby wounded appellee. It is immaterial when the act of causation was begun,—it is sufficient if its force was continued to and it in fact did the damage to recover for which the suit is brought. There is no averment in the declaration *when* the negligent act began, nor was it necessary that there should have been such an averment. In legal contemplation the freight car was caused to be moved by appellant during every moment of time after the car was put in motion by it, and the movement of the car at the moment it struck the hand-car was therefore as certainly caused by appellant as was its first movement.

Counsel contend that "kicking" a car upon a track, where there is no public crossing, is not, of itself, alone, sufficient proof of negligence. That may be conceded to be true. The question here is not what is sufficient proof of negligence. The only inquiry is, did the proof tend to prove negligence,

and we have no hesitation in saying that putting in motion a car, where men are known to be or where it is known they may be passing, without a brakeman upon it, and without any other means of controlling its momentum, has a tendency to prove negligence.   Whether negligence is, in fact, here proved, is not within our province to inquire.  *Lake Shore and Michigan Southern Railway Co.* v. *Parker,* 131 Ill. 557; *City of Chicago* v. *McLean,* 133 id. 148.

The first instruction given at the instance of appellee is as follows:

"1.  The jury are instructed that if, under the evidence and under the instructions of the court, they find the defendant guilty as alleged in the declaration, then, in estimating or assessing the plaintiff's damages, the jury should take into consideration the personal injury sustained by the plaintiff, if any is proven, in consequence of the injury in question; also, the pain and suffering undergone by him in consequence of his injuries, if any are proved, and any permanent injury sustained by the plaintiff, if the jury believe, from the evidence, that the plaintiff has sustained such permanent injury in consequence of the accident in question, and such damages, if any, present or future, which the jury believe, from the evidence, are proven to be the necessary result of the injury complained of."

Counsel for appellant contend that this was erroneous, in that it directs the jury to assess double damages.  We are unable to concur in this construction.  While the instruction is not to be commended as a model, we think it improbable that the jury could have understood the last clause otherwise than as stating the general rule applicable to all damages, as well those arising from the injuries previously alluded to as those arising from any other source, for which a recovery might be had in this case, and, understanding that clause in that sense, the instruction is not seriously objectionable, and the jury could not have been misled by it.

The instructions asked by appellant and refused by the court, of which complaint is made, were as to the effect of certain evidence on contested questions of fact, and they were properly refused for that reason.

The judgment is affirmed.

*Judgment affirmed.*