# THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY
## v.
## HENRY ALTGEN.

*Opinion filed June 23, 1904.*

1. TRIAL—*what sufficient to justify submission of question of ownership of engine to jury.* Evidence that the locomotive which caused plaintiff's injury bore the abbreviation of defendant's corporate name is sufficient, in the absence of any evidence by the defendant upon that question, to justify submission of the question of the ownership and control of the engine to the jury.

2. EVIDENCE—*what does not destroy presumption of ownership from name on engine.* That the engine which caused plaintiff's injury was not running upon the defendant's tracks at the time but upon a track used by several railroad companies, does not destroy, although it may weaken, the presumption of ownership arising from the fact that the engine bore defendant's corporate name.

3. SAME—*effect where statements of witnesses are shown by cross-examination to be hearsay.* It is for the jury to say what weight shall be given to the statements of witnesses as to matters whereof their knowledge is shown by cross-examination to be based largely upon hearsay, where their evidence is allowed to go to the jury without objection and no motion is made to strike it out.

4. SAME—*immaterial allegations in a personal injury case need not be proved.* Immaterial allegations need not be proven in an action for personal injury if enough of the declaration is proven to make out a case.

5. SAME—*what allegation in personal injury case need not be proven.* An averment that the plaintiff in a personal injury case was on the locomotive "in the performance of his duties as a servant" of his employer need not be proven where it is shown he was rightfully upon the locomotive, although by the direction of his foreman he was eating his supper at the time the injury occurred.

6. DAMAGES—*when an appeal is prosecuted for delay, damages will be assessed.* Where it appears that the defense made in an action for damage for personal injury is without merit and that an appeal is prosecuted to the Supreme Court for delay, the judgment of the Appellate Court will be affirmed with five per cent damages.

*East St. Louis Con. Ry. Co.* v. *Altgen*, 112 Ill. App. 471, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. SILAS COOK, Judge, presiding.

Charles W. Thomas, for appellant.

Daniel McGlynn, and M. W. Borders, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an action on the case, commenced in the circuit court of St. Clair county, to recover damages for a personal injury alleged to have been sustained by the plaintiff by reason of the negligence of the servants of defendant in backing a train under their control against a locomotive upon which the plaintiff was then riding. A trial resulted in a verdict in favor of the plaintiff for the sum of $15,000.    Plaintiff remitted $4000, and thereupon judgment was rendered in favor of the plaintiff for the sum of $11,000, which judgment has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The accident resulting in the plaintiff's injury occurred on the night of January 16, 1902, at the crossing of the tracks of the St. Louis Merchants' Bridge Terminal Railway Company and the tracks of the St. Louis, Troy and Eastern Railroad Company, at a point between East St. Louis and Madison.    At the time of the collision the plaintiff was in the employ of the St. Louis Merchants' Bridge Terminal Railway Company as a switchman, and was a member of a night switching crew then engaged in moving a train of cars from Madison to the East St. Louis yards.    By order of the foreman he was riding in the engine cab, eating his supper.    As the engine reached and was passing over said crossing, a train of cars moved by one of defendant's engines was carelessly and negligently backed against the locomotive upon which the plaintiff was riding, striking it just in front of the cab, the result of which was that the plaintiff was seriously and permanently injured.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court to peremptorily instruct the jury to return a ver-

dict in its favor. The court declined to so instruct the jury, and the action of the court in that regard is the only assignment of error urged as a ground for reversal in this court.

It is first contended there is no evidence in the record that the engine and cars which caused the injury belonged to the defendant or were under the control or being operated by its servants at the time of the injury. That contention raises a question of fact, only, and if there is any evidence in the record fairly tending to establish that fact, then it was not error for the court, upon that question, to refuse to take the case from the jury. It is conceded that the engine which backed the cars against the locomotive upon which the plaintiff was riding at the time he was injured was marked "E. St. L. C. Ry. Co.," which was the abbreviation of its corporate name placed by the defendant upon all its engines. The defendant introduced no evidence upon the question of the ownership of said engine or whose servants were operating the same at the time of the injury. Such being the state of the record, the fact that the engine which caused the injury bore the name of the defendant company was sufficient evidence of ownership, and that the servants of defendant were in possession thereof, to authorize the court to let the case upon that question go to the jury.

It is conceded by the defendant that the fact that its name appeared upon the engine which caused the injury would be *prima facie* evidence that it was its property and being operated by its servants if at the time of the injury the engine had been upon its own road, but, it is said, at the time of the injury the engine was being operated upon the tracks of the St. Louis, Troy and Eastern Railroad Company, and that under such circumstances its name upon the engine affords no evidence of ownership or that said engine was being operated by its servants. While the presumption of ownership of the engine

and that it was operated by the defendant's servants at the time of the injury may be weakened by the fact that it was upon a track other than its own, still such presumption was not rebutted by that fact. In *Pittsburgh, Fort Wayne and Chicago Railway Co.* v. *Callaghan,* 157 Ill. 406, it was held that the fact that a locomotive causing an injury on a track used by different companies was lettered with defendant's name established *prima facie* possession and ownership by defendant, and was sufficient proof on that question to justify the trial court in refusing to take the case from the jury.

In addition to the fact that the engine was lettered with the characters which the defendant had adopted and was using upon its engine as an abbreviation of its corporate name, several witnesses testified that the men who were in control of and operating the engine at the time of the injury were servants and employees of the defendant, and one of the crew in control of the engine which caused the injury testified he was in the employ of the defendant. While the cross-examination of these witnesses showed that their knowledge was based largely upon hearsay, their evidence went to the jury without objection and no motion was made to strike it out, and it was for the jury to say what weight the statements of said witnesses were entitled to receive at their hands, as bearing upon the question who owned and in whose possession the engine was which collided with the locomotive upon which the plaintiff was riding at the time he was injured.

In *Pittsburgh, Cincinnati and St. Louis Railway Co.* v. *Knutson,* 69 Ill. 103, on page 105 the question here raised was under consideration, and the court there said: "It is first urged that the train which did the injury was not shown by the evidence to have belonged to appellants. On this question several witnesses testify, and their evidence tended strongly to show that appellants owned, or at least were operating, this train. It may not prove

the fact beyond all doubt, but it certainly raises a strong presumption that they had the control of the train. In reference to such a fact we cannot expect full and undoubted proof. The ownership can only be proved or disproved positively by some of the officers of the road. It is no doubt true that the larger portion of the employees of the company, and all persons not connected with it, can have no certain knowledge of the ownership or what company is using such property. * * * The evidence was *prima facie* sufficient to prove this fact that the company owned the property, and if untrue appellants had it in their power to disprove it but have failed to do so, and cannot complain that the jury have found that issue as they did."

The declaration averred that at the time of the injury the plaintiff was on said locomotive "in the performance of his duties as a servant of said company," and while it is conceded said allegation was immaterial, yet it is contended the plaintiff having made the averment it became necessary that he establish it by proof or be cast in his action. We do not agree with such contention. The foreman testified the members of the crew, to save time, often ate their meals upon the train while it was in motion; that on the night of the injury of plaintiff it was dark and extremely cold; that after the train was on its way to its destination he directed the plaintiff to go into the engine cab and eat his supper, and that he was eating his supper at the time of the injury. The plaintiff was upon the locomotive lawfully at the time of the collision, and it was no concern of the defendant what he was doing at the time he was injured. It has been repeatedly held in personal injury cases that it is not necessary to prove immaterial allegations, (*Lake Shore and Michigan Southern Railway Co.* v. *Hundt*, 140 Ill. 525,) and that in such actions it is sufficient if a party prove enough of his declaration to make out a case. *Illinois Steel Co.* v. *Schymanowski*, 162 Ill. 447.

We are impressed, from an examination of this entire record, with the fact that the defense made in this case in this court is without merit and that this appeal was prosecuted for delay. The judgment of the Appellate Court will therefore be affirmed, with five per cent damages.

*Judgment affirmed.*