## Arch O. Burdick, Defendant in Error, v. Nicholas P. Valerius, Plaintiff in Error.

## Gen. No. 17,270.

1. MUNICIPAL COURT—*amendments.* Plaintiff may be permitted to amend his claim before trial by increasing the amount of damages.

2. CONTINUANCE—*when not error to refuse on claim of surprise.* To predicate error on a refusal to grant a continuance on the ground of surprise, it must appear that the party offered to file an affidavit showing that he was taken by surprise.

3. MUNICIPAL COURT—*when ownership of automobile causing damage is admitted of record.* Where a sworn statement of claim alleges damages caused by the negligence of defendant, by his servant, in carelessly driving an automobile of defendant, and the affidavit of defense does not deny ownership of the automobile, the ownership of the automobile stands admitted of record under Rule 17, of the Municipal Court.

4. MUNICIPAL COURT—*when prima facie case is made out that servant was acting in the course of his employment.* Where a sworn statement of claim filed in the Municipal Court alleges damages caused by the negligence of the defendant's servant in the course of his employment, and the affidavit of merits does not deny that the servant was so acting, a *prima facie* case is made out as to that issue.

5. EVIDENCE—*insurance adjustment not admissible.* In an action to recover damages sustained by an automobile through the defendant's negligence, it is not error to exclude from evidence an agreement between plaintiff and an insurance company adjusting such damages.

6. EVIDENCE—*when tax schedule not admissible to show value of automobile.* In an action for damages sustained by an automobile through defendant's negligence, it is not error to exclude from evidence a tax schedule containing the plaintiff's valuation of said machine.

Error to the Municipal Court of Chicago; the Hon. ROBERT WOL-COTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912. Rehearing denied October 15, 1912.

JULIAN C. RYER, for plaintiff in error.

W. S. JOHNSON and HENRY M. PIERCE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Arch O. Burdick, defendant in error, recovered a judgment in the Municipal Court of Chicago against Nicholas P. Valerius, plaintiff in error, for damages resulting to his automobile from a collision with the plaintiff in error's automobile.

It appears that neither of the parties were in their automobiles at the time of the collision, but that their respective chauffeurs were driving the machines along Sheridan Road in the city of Chicago, at about 10:30 in the morning of the day in question. Plaintiff's chauffeur was driving in a northerly direction along Sheridan Road. He was on the right of the road, the east side, as he thus drove north, and was going at the rate of about four miles an hour, when the automobile of defendant, driven by defendant's servant, going in a southerly direction, crossed over from the west side of the street in a wabbling, zig-zag manner, and crashed into the plaintiff's automobile with such force as to cause damages to repair which an expenditure of about $600 was necessary. When the plaintiff's automobile was struck, it was almost at a stand-still, and was on its own side of the street, and within ten feet of the east curb of the street.

The cause was tried by the court and a jury. The verdict of the jury was for $600, upon which a judgment was entered.

Before the commencement of the trial, plaintiff asked and was given leave to amend by increasing the amount of the *ad damnum* of his claim. Defendant made objection to the motion, but the court overruled the objection and allowed the amendment. It is urged

that the court erred in allowing an amendment of the plaintiff's claim to be made by increasing the amount of the *ad damnum*. We think the court did not err in that respect. Tomlinson v. Earnshaw, 112 Ill. 312.

It is contended on behalf of the plaintiff in error that the court erred in denying the motion of defendant for a continuance upon the ground of surprise when the motion was allowed to increase the *ad damnun*. We find no such motion for a continuance of the record. If such motion had been made and refused by the court, it would not have been error as the defendant did not ask leave, or offer to file an affidavit showing that he was taken by surprise and was unprepared to proceed with the trial because of such amendment.

No assignment of error is made in this court by the defendant upon the action of the court below in respect to the motion for continuance. The point is, therefore, waived. French P. & O. Co. v. Meehan, 77 Ill. App. 577; Davis v. Lang, 153 Ill. 175. Furthermore, the written motion for a new trial in the court below, specifying the grounds upon which the motion is based, made no claim that the court below erred in permitting the plaintiff to amend and denying defendant's motion for continuance upon the ground of surprise.

The statement of claim filed in the Municipal Court sets forth that the claim of plaintiff is for damages sustained by him on the 6th day of June, 1910, caused by the negligence of the defendant by his servant in carelessly running and driving an automobile of the defendant while acting in the line of his employment, whereby the same was caused to run against the automobile of the plaintiff. This claim was sworn to. The affidavit of defense filed by plaintiff in error does not deny the ownership of the automobile, nor that the chauffeur of the plaintiff in error was acting in the line of his employment at the time of the accident. Under Rule 17 of the Municipal Court, the ownership of the

automobile stands admitted of record. The evidence tends to show that the plaintiff in error, defendant below, was the owner of the automobile that collided with the plaintiff's automobile, but there was no direct evidence that the plaintiff in error's chauffeur was running the automobile at the time of the accident under any orders from the defendant, or on any business of the defendant. There is no direct testimony either way in regard to this fact. Plaintiff in error's servant, who was driving plaintiff in error's automobile at the time of the accident, was called as a witness by the plaintiff in error, but was not asked as to whether he was performing his usual services as a chauffeur for the defendant or not at the time of the accident. It appears that plaintiff in error, Valerius, was present in court at the time of the trial, but did not go upon the witness stand. In our opinion the ownership of the automobile is admitted by the record, and it appears without controversy that the plaintiff in error's chauffeur was in charge of the automobile at the time of the accident. It is urged, however, that the plaintiff in error is not liable for an accident which does not occur by reason of his authority over his servant, and that mere ownership of the automobile does not make him liable. With this contention we cannot agree. We think that the record and evidence makes out a *prima facie* case against the plaintiff in error on the question of liability, and that it devolved upon the plaintiff in error to state in his affidavit of merits and show that his chauffeur was acting outside his usual line of employment, or operating the machine without his consent. Long v. Nute, 123 Mo. App. 204; Stewart v. Baruch, 103 App. Div. (N. Y.) 577; East St. Louis C. Ry. Co. v. Altgen, 112 Ill. App. 474, affirmed in 210 Ill. 213.

In our opinion the court did not err in excluding as irrelevant and immaterial the alleged agreement made between the plaintiff below and the Lloyd's Insurance

Company of London regarding an adjustment for $300 of a claim that plaintiff had for damages or loss to his automobile. The agreement was not made between the plaintiff and the defendant. It was apparently a compromise agreement between the plaintiff and the insurance company. We do not think the court erred in refusing to admit in evidence a personal property tax schedule purported to have been made by the defendant in error, in which he scheduled the value of his automobile at $500.

We have examined the instructions requested by the plaintiff in error and refused by the court, and also the instructions given by the court, and, in our opinion, no substantial error was committed by the court in giving and refusing instructions. We think the law of the case was fairly stated to the jury by the instructions of the court.

An examination of the evidence in the case does not convince us that the verdict of the jury and judgment were wrong upon the merits of the case. We are of the opinion that the evidence shows that the plaintiff in error's servant, or chauffeur, negligently managed the automobile of the plaintiff in error, and that the damage to the defendant in error's machine was caused by the negligence of the plaintiff in error by his servant. The judgment is affirmed.

*Affirmed.*