(No. 21465.—
FLORENCE MORRIS, Plaintiff in Error, *vs.* THE CENTRAL WEST CASUALTY COMPANY, Defendant in Error.

*Opinion filed December 23, 1932.*

KREMER, BRANAND & HAMER, for plaintiff in error.

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and GEORGE C. BUNGE, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Suit in assumpsit was brought by plaintiff in error, Florence Morris, (herein termed the plaintiff,) in the superior court of Cook county, against the defendant in error, the Central West Casualty Company (herein referred to as the defendant). The action was predicated upon a policy of insurance issued to her husband, Roscoe. Judgment was rendered for the plaintiff, and on appeal the Appellate Court reversed the judgment upon the ground that the Workmen's Compensation act applied and the superior court lacked jurisdiction. The case comes here on *certiorari*.

The declaration contained only one count, in which the policy of insurance was set out *in hæc verba*. The policy was the standard form commonly used by companies underwriting risks arising under the Workmen's Compensation act. The policy (excluding the rider) was issued to Morris as an employer, only. Attached to the policy was an in-

dorsement or rider, the first three clauses of which were typewritten and the fourth and last printed. By the provisions of this rider the defendant agreed to, and did, extend the provisions of the compensation policy to cover Morris in the event he was injured or killed. The rider is as follows: "It is understood and agreed that the policy to which this endorsement is attached is hereby specifically extended to apply to injuries and/or death suffered by the employer named in the said policy, in the same manner and under the same conditions as it would apply to injuries and/or death suffered by an employee. In consideration of the above extension of coverage it is further agreed that if the employer takes the place of an employee an arbitrary amount of twenty-five hundred dollars ($2500) shall be included in the pay-roll upon which final premium adjustment is made, as the entire annual remuneration of the said employer in lieu of his actual earnings. Classification 1a of item 3 of the policy to which this endorsement is attached shows that the work undertaken by the employer named in the said policy is delivering for the Central Lime and Cement Company. It is understood and agreed, however, that the said policy shall also apply while work is occasionally being done for other concerns. Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the under-mentioned policy other than as above stated." It is to be observed that $2500 is designated as a basis upon which to compute the liability to the insured, who worked mainly for the Central Lime and Cement Company. According to the rider the policy covered this work and that done for other concerns.

A demurrer to the declaration was overruled· and a plea of general issue was filed, accompanied by an affidavit of merits. This affidavit set up that the defendant by the terms of the contract did not promise to pay the plaintiff upon the happening of any of the events mentioned in

the declaration, that no sums were due Morris or plaintiff on account thereof, and that the death of Morris was not caused by an accidental injury, thus presenting the only issue of fact.

In December, 1928, Morris was hauling building materials for the Central Lime and Cement Company, and while engaged in unloading he was knocked to the ground and injured when struck by the tail-gate of the truck. Plaintiff averred that his death, which occurred shortly afterwards, was the result of that accident.

The principal issue of law raised by the defendant was that the superior court lacked the jurisdiction necessary to hear the plaintiff's suit, and that, lacking such jurisdiction, the proper agency for handling the matter was the Industrial Commission, as provided by the Workmen's Compensation act. In this position the defendant confuses, or seeks to confuse and misinterpret, the terms of the policy and the rider, the only instruments by which the rights of the litigating parties may be determined. The compensation policy was issued to Morris as an employer of labor. The policy, excluding the rider, affected him only as an employer, and was issued to him as one who by the Workmen's Compensation act of this State is defined as an employer. Of course, in that role the Compensation act would apply exclusively to Morris, as only matters of compensation were involved. No instrumentalities outside the purview of the Compensation act would be applicable in solving any difficulties or differences arising between employer Morris and an employee of his who might have been injured. Clearly, under such circumstances the superior court would not have any jurisdiction except such as it might have under the Compensation act.

But the attachment of the rider created an altogether different situation. The language of the rider is plain and unequivocal. By it the provisions of the policy are "specifically extended to apply to injuries and/or death suffered

by the employer * * * in the same manner and under the same conditions as it would apply to injuries and/or death suffered by an employee." These provisions have the effect of giving Morris the full benefit of indemnity under the policy as an employer, and in that capacity it was proper for direct relief to be sought against the insurer in the superior court without recourse to the Industrial Commission. The jurisdiction of the Industrial Commission is purely statutory, (*Central Illinois Service Co.* v. *Industrial Com.* 293 Ill. 62,) and it is only an administrative body, possessing no judicial functions. (*Savoy Hotel Co.* v. *Industrial Board,* 279 Ill. 329.) It cannot apply the Compensation act to those who are not subject to its provisions. (*Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316.) The intent of the Compensation act is that the employee should recover compensation with certainty, either against the employer or against the employer's insurer. The act gives to the employee the right to proceed directly against the insurer in the event the employer does not pay the award. (*Equitable Underwriters* v. *Industrial Com.* 322 Ill. 462.) The Industrial Commission may make an award directly against the insurance carrier as being primarily liable, provided the employer is insolvent and the claim is proper. (*Illinois Indemnity Exchange* v. *Industrial Com.* 289 Ill. 233.) An employer, over the objection of the injured employee, could not bring into a proceeding under the Compensation act the settlement of a controversy between himself and the insurer. (*Jacobi* v. *Industrial Com.* 342 Ill. 210.) The Industrial Commission therefore does not possess jurisdiction to entertain a proceeding against an insurer upon its contract unless an employer and employee are involved and the employer has failed to pay an award entered against him.

The record further discloses that the defendant has taken the position that Morris, being termed an employer, could not have recovered under the Compensation act on

account of his being an employer, and it now seeks to prevent the widow of Morris from recovering in a judicial proceeding. If successful in this undertaking all liability on the insurance policy might be avoided. The original policy and rider were the creation of the defendant. In the policy and rider it calls Morris an employer. Since it had control in phrasing the policy and rider, any ambiguities, doubts or inconsistencies must be construed against it. (*Budelman* v. *American Ins. Co.* 297 Ill. 222; *Monahan* v. *Metropolitan Life Ins. Co.* 283 id. 136; *Treolo* v. *Auto Insurance Underwriters,* 348 id. 93.) Inconsistencies, if any existed between the printed form of the policy and the typewritten rider, would cause the typewritten portion of the rider to control and the language of the printed form of the policy to be rejected. *Illinois Indemnity Exchange* v. *Industrial Com. supra; Hagan* v. *Scottish Union and Nat. Ins. Co.* 186 U. S. 423.

What was really done by the defendant and Morris in attaching the rider to the compensation policy was this: that the defendant expressly agreed with Morris to indemnify him against injury, or his dependents in the event of his death, in the same manner and to the same extent as if he had been an employee instead of an employer. The manner or condition of the injury or death and the extent of the defendant's liability would be determined by the provisions of the Compensation act. In other words, the defendant and Morris mutually agreed that the Compensation act should be the standard to determine the defendant's liability under the policy and rider, and that when such liability was thus determined the provisions of the act should be also used as the yard-stick to measure the money payment incurred by the liability, figuring, however, on a basic remuneration of $2500. These policy provisions did not bring the situation here litigated under the Compensation act. The plaintiff sought to enforce her right by the proper form of action and in the proper forum. Her rights un-

der the policy and rider must be judicially and not administratively determined.

The record contains competent evidence to establish the fact that the death of Morris was caused by an accidental injury within the terms of the contract made by the policy and rider. No one witnessed the injury of Morris. A laborer on the work to which Morris was delivering material at the time he was injured testified that he found Morris at the back of the truck, bending over and holding his knee, and that the tail-gate of the truck was down. Witness took Morris by the arm and asked him what was the trouble. Morris replied that the tail-gate hurt him on the leg. The defendant complains that this remark was improper evidence, as not being a part of the *res gestæ*. That depends upon the particular facts involved, and the facts here show the remark to be a part of the *res gestæ*. The facts show that close connection, considering the time element, between the happening of the event and the remark that the law demands. (*American Liability Ins. Co.* v. *Industrial Com.* 342 Ill. 605.) Morris went home after his injury on December 19 and went to bed, where his wife, the plaintiff, applied home remedies to relieve his suffering. On December 31 a doctor was called, who treated him until January 8 or 9. This doctor found Morris with a temperature of 105, accompanied by an inflammation and swelling of the left chest and a bruise on the right leg. The chest swelling became more severe and sore and Morris was taken to the hospital at the behest of a representative of the defendant. At the instance of the defendant Dr. Lamb was called as a consultant. Morris was operated upon three times for an abscess of the left chest by a surgeon engaged by the defendant, but notwithstanding these efforts Morris died January 18, 1929. Proof was made of prior good health and that the effect of the injury continued up to the time of death. The defendant offered in evidence an accident report. This report described the accident, and

it showed that the falling tail-gate struck Morris on the right knee and shin, throwing him down in such a way that it tore the ligaments and caused a wrenching of the cords under the left arm-pit. This report was made by some one in the employ of the defendant, and not by the plaintiff, as defendant would have us believe. The defendant says this report was not admitted in evidence to show the cause of Morris' death but solely as a result of plaintiff's demand for its production, made in the course of the cross-examination of a witness for the defendant. The report was produced and offered in evidence generally. No restriction was placed upon the purposes for which the exhibit might be received, hence it was general evidence, and the defendant cannot now be heard to say that it is not evidence of the facts therein stated. Having been offered and received in evidence the weight of it was for the jury. (*East St. Louis Connecting Railway Co.* v. *Altgen,* 210 Ill. 213; *Mason* v. *Truitt,* 257 id. 18; *Nolan* v. *Barnes,* 268 id. 515.) The plaintiff is entitled to the benefit of all of the evidence, regardless of its source. *New Orleans and Northeastern Railroad Co.* v. *National Rice Milling Co.* 234 U. S. 80.

No complaint can be justly made about the amount of the verdict, as it was accurately computed according to the terms of the insurance contract.

Careful examination has been made of the remaining points raised by the defendant, including those as to instructions, that the declaration does not state a cause of action, and that there was no evidence in the record from which the jury could compute the amount alleged to be due under the contract. These objections are all without merit.

The judgment of the Appellate Court for the First District reversing the judgment of the superior court of Cook county is, for the reasons given, reversed and the judgment of the superior court of Cook county is affirmed.

*Appellate Court reversed, superior court affirmed.*