Walter Jennings, Plaintiff-Appellant, v. Bituminous Casualty Corporation, Defendant-Appellee.

Gen. No. 64–F–33.

Fifth District.

April 1, 1964.

Rehearing denied April 16, 1964.

M. J. Hanagan, of West Frankfort, Ralph W. Harris, of Marion, and Hanagan & Dousman, of Mt. Vernon, for appellant.

August L. Fowler, of Marion, for appellee.

REYNOLDS, J.

Plaintiff filed his complaint against the defendant on a workmen's compensation policy of the defendant issued to Roberson Brothers Lumber Company, hereinafter called "Roberson" claiming to be a third-party beneficiary under the policy. Defendant moved to dismiss on the grounds that the plaintiff was not an employee of Roberson, the insured, but was an employee of one L. H. Cavender. The trial court sustained the motion to dismiss and plaintiff appeals.

The facts are not in dispute. The plaintiff, Walter Jennings was, at the time of his injury and for several months prior thereto, an employee of L. H. Cavender, hereinafter called "Cavender." L. H. Cavender, Calvin Cavender, a son and employee of L. H. Cavender, and the plaintiff, an employee of L. H. Cavender, were engaged in logging and lumbering business. The business of Cavender was separate and apart from that of Roberson, except for ordinary business transactions between them. The defendant insured Roberson under the Workmen's Compensation Act of Illinois (Ill Rev

Stats c 48, § 138.1 to 138.28 inclusive), and this suit is based on that policy.

The plaintiff first proceeded under the Workmen's Compensation Act against Cavender and Roberson. The arbitrator awarded the plaintiff disability benefits and medical, surgical and hospital benefits totaling $18,793.74. The award was against Cavender. The decision of the arbitrator held that no relationship of employee and employer existed between the plaintiff and Roberson on the day of plaintiff's injury and dismissed Roberson from the case. On review, the decision and award of the arbitrator was upheld by the Industrial Commission of Illinois. The plaintiff did not seek a writ of certiorari, but filed the instant suit against the defendant herein.

The basis of the suit is that the premium of the policy for workmen's compensation coverage issued by the defendant to Roberson, was in part, computed upon the earnings of the employees of Cavender; that Roberson made certain payments to Cavender, his son and the plaintiff for their work in logging and lumbering and that the defendant in computing the amount of premium to be paid for the policy used these payments in such computation. Plaintiff contends that defendant by such computation of the premium, made the plaintiff a third-party beneficiary, and that the plaintiff was covered by the policy and entitled to benefits thereunder. Plaintiff made demand on the defendant for the sum awarded by the decision of the Industrial Commission, and the defendant refused to pay on the ground that its policy to Roberson did not cover the employment of the plaintiff.

The question presented is a legal question only. The plaintiff's case depends upon a single question, namely, did the computation of the premium to be paid to the insurer, based in part, on the earnings of employees of suppliers of lumber to Roberson, extend the cover-

age of the policy to Cavender and his employees? It is not contended that any part of the plaintiff's wages were directly paid by Roberson. It is not contended that there was any joint ownership or interest between Roberson and Cavender.

The defendant by its policy agreed to pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law. The employer's liability as defined in the policy was limited to all sums which the insured should become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by an employee of the insured arising out of and in the course of his employment by the insured. The classification of operations covered by the policy included "Logging or Lumbering," "Saw Mills," "Lumber Yards," "Truckmen," and "Clerical Office Employees." Plaintiff, if found to be under the policy, would be under the "logging or lumbering" provision.

Both plaintiff and defendant rely upon three Illinois cases, Morris v. Central West Cas. Co., 351 Ill 40, 183 NE 595; Sindelar v. Liberty Mut. Ins. Co., 161 F2d 712 (Ill); Dawson v. Maryland Cas. Co., 348 Ill App 130, 108 NE2d 373.

In the Sindelar case, Joseph C. Sindelar was the president of E. W. A. Rowles Company, and while engaged in work for the company, was injured and afterwards died. The company had a policy with the defendant insurance company, covering workmen's compensation and employers' liability of the company. The premium of the policy was computed on the earnings of the employees including the president. Paragraph V of the policy provided that the policy covered injuries sustained by any person or persons employed by E. W. A. Rowles Company, whose entire remuneration should be included in the total actual remunera-

246

tion for which remuneration the premium of the policy was computed and adjusted, and included injuries sustained by the president, vice-president, secretary, and treasurer, if the insured company was a corporation, whether the work of the corporate officers was in an executive capacity or as employees generally. The case was an Illinois case and the court stated that it was obligated first to look to the decisions of that State for guidance. The court said that while there was no Illinois case directly in point, there was some analogy in the case of Morris v. Central West Cas. Co., 351 Ill 40, 183 NE 595, and discussed that case at some length. The court in the Sindelar case held that the insurance company was bound by the terms of the policy itself, and that the president of the company was insured under the policy.

In the Morris case, Roscoe Morris took out a standard policy of insurance for underwriting risks arising under the Workmen's Compensation Act. Morris was the employer. Attached to the policy was a rider extending the provisions of the policy to cover Morris in the event he was injured, or killed. The premium for the policy was adjusted or computed so as to include the arbitrary sum of $2500 for Morris, in the earnings of the employees covered by the policy. In that case, by agreement of the insuring company, and Morris, it was agreed that Morris should be indemnified against injury, or his dependents in case of death, in the same manner and to the same extent as if he had been an employee instead of an employer. The parties agreed that the Workmen's Compensation Act should be the standard to determine the defendant insurance company's liability under the policy and rider, and when such liability was determined the provisions of the Act should be used as a yardstick to measure the money payments incurred by the liability, figuring, however, on a basic remuneration of $2500. In the

247

Morris case, as in the Sindelar case, the policy itself provided for coverage. In each case, as employers, they would not have been eligible to benefits under the Workmen's Compensation Act. But under the specific contract of insurance in each case, they were entitled to benefits, not as employees, but as contracting parties, and the Workmen's Compensation Act served only as a yardstick to determine liability and if liability was present, the amount payable therefor.

The case of Dawson v. Maryland Cas. Co., 348 Ill App 130, 108 NE2d 373, was a suit by a police officer against the company insuring the City of West Frankfort for workmen's compensation risks. The plaintiff sought to recover under the Workmen's Compensation Act, but his petition was denied. He then brought suit directly against the insurance company on the workmen's compensation policy, claiming he was a third-party beneficiary. In that case there was a specific provision which said in part: "This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted." By the language of the policy, the claimant was expressly included and the court held that his complaint based on the policy stated a cause of action.

It must be admitted that the insuring language of the policy of the defendant here does not include the plaintiff. There is nothing in that language other than that the insurer agrees "To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law," and "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . by an employee of the

insured arising out of and in the course of his employment by the insured. . . ." The plaintiff here was not an employee of the insured Roberson. He was an employee of Cavender. The Industrial Commission settled the question of employment by its decision of February 19, 1963.

■ ■ Since the plaintiff was not an employee of Roberson, and the insuring language of the policy did not cover the plaintiff, the sole question is whether the acceptance of premiums based in part on the earnings of the plaintiff, constituted acceptance of the plaintiff as an insured employee and the insurance company is estopped from denying liability? Generally, an insurance company is not estopped to deny coverage. Again, the question of estoppel, like so many of our law questions, must depend upon the facts of each particular case. Where estoppel is claimed, the party claiming it has the burden of proving it, and the proof must be clear, precise and unequivocal. Coal Belt Elec. Ry. Co. v. Peabody Coal Co., 230 Ill 164, 82 NE 627; Spence v. Washington Nat. Ins. Co., 320 Ill App 149, 50 NE2d 128.

■ ■ Estoppel has been defined to be a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. Any more exact or complete definition than this is difficult to formulate for the reason that an equitable estoppel rests largely on the facts and circumstances of the particular case, and consequently, any attempted definition usually amounts to no more than a declaration of an estoppel under those facts and circumstances. 19 Am Jur Sec 34, p 634. Estoppel is based on the principle that the party estopped has by word or conduct, affirmatively or negatively, intentionally or through culpable negligence, induced another to believe and act on such words and conduct, and as a

consequence would suffer injury if contrary assertions or denials were allowed. Here, the sole basis for estoppel is the computation and payment of premiums based in part on money paid to the company on Cavender and his employees' wages. The plaintiff's employer, Cavender, was so far as the record shows, an independent contractor, engaged in logging and lumbering. He possibly was one of several independent contractors supplying Roberson with logs and lumber. The whole question is how far does the result of such payment extend. Does this single act, by itself, constitute such an enlargement of the coverage of the policy to include persons who have been determined by the Industrial Commission of Illinois to not be employees of the insured company or person? Or, stated in another way, did the acceptance of this part of the premium by the insurer, as a matter of law, enlarge the terms of the policy of insurance, which was limited to employees of the insured?

Our courts have held that the language of a policy being chosen by the insurer, should be construed, if practicable, so as to cover the subject matter intended to be covered, and a policy which described the property in comprehensive terms, or under a general description, covers whatever is commonly known by such general name or is necessarily or reasonably presumed to be within the terms used and within the intention of the parties. But the description will not be extended so as to include property plainly not within the terms of the policy. Niedringhaus v. Aetna Ins. Co., 235 Ill App 335. And our courts have held that since the insurer has control in phrasing the policy, any ambiguities, doubts or inconsistencies must be construed against it. Morris v. Central West Cas. Co., 351 Ill 40, 183 NE 595.

Applying the holdings as above stated to this case, here the coverage of the plaintiff was clearly not

250

within the terms of the policy. There was no ambiguity. There was no act or failure on the part of the insuring company, sufficient to prevent it from asserting its defense that the plaintiff was not covered by the policy. This court does not have the power and authority, under the law of Illinois, to enlarge the policy in this case to include the plaintiff as an employee of the insured, which is the gist of the problem. The policy was to cover Roberson employees. The plaintiff was not such an employee and this was determined by the Illinois Industrial Commission.

The judgment of the lower court will be affirmed.

Affirmed.

DOVE, P. J. and WRIGHT, J., concur.