

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2003

# Masda Corp v. Empire Comfort Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Masda Corp v. Empire Comfort Sys" (2003). *2003 Decisions.* Paper 436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3062

MASDA CORPORATION,

Appellant

v.

EMPIRE COMFORT SYSTEMS, INC.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No. 99-cv-01445)
District Court Judge: Hon. William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2003

Before: ALITO, ROTH, and HALL,* Circuit Judges.

(Opinion Filed: June 24, 2003)

OPINION OF THE COURT

ALITO, Circuit Judge:

_____

* The Hon. Cynthia H. Hall, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Masda Corp. appeals an order of the District Court granting summary judgment to Empire Comfort Systems, Inc. in a diversity action for breach of contract and related claims. Applying Illinois law, the District Court held that the alleged oral agreement between the parties was unenforceable because it was indefinite and no meeting of the minds occurred; that no requirements contract existed; that Illinois law does not recognize an independent cause of action for the breach of an implied covenant of good faith and fair dealing; and that the doctrines of promissory estoppel and equitable estoppel were inapplicable. Our review is de novo, Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 743 (3d Cir. 1996), and we affirm.

Masda argues that summary judgment was inappropriate because the question whether a contract existed "involv[es] a[] [factual] inquiry into the state of mind of . . . contracting parties." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2730.1 at 44. Masda cites decisions of this Court holding that contractual terms "'susceptible of more than one meaning'" warrant consideration by a jury. Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 163 (3d Cir. 2001) (quoting Sumitomo Mach. Corp. of Am., Inc. v. Allied Signal, Inc., 81 F.3d 328, 332 (3d Cir. 1996)). Whether a contract is susceptible of more than one meaning in a sense material to the legal dispute at bar, however, is a question of law.

The District Court acknowledged that the statement of Joseph Brueggemann was "vague" and interpreted it in the light most favorable to Masda, as dictated by the summary-judgment standard. See, e.g., Wahl v. Rexnord, Inc., 624 F.2d 1169, 1181 (3d Cir. 1980).

The Court applied Illinois law holding that the terms of an oral contract must be "definite and certain" to be enforceable, <u>Vandevier v. Mulay Plastics, Inc.</u>, 482 N.E.2d 377, 380 (Ill. App. Ct. 1985), and that the requisite meeting of the minds cannot occur unless manifested "by the parties' objective conduct rather than by their subjective beliefs." <u>Paxton-Buckley-Loda Educ. Ass'n v. Illinois Educ./Labor Bd.</u>, 710 N.E.2d 538, 544 (Ill. App. Ct. 1999). Accepting *arguendo* Masda's contention that Brueggemann's statement referred to duration, the Court held (1) that "there is no genuine, material dispute as to the definiteness of the duration term," because the statement, on its face, refers only to past contracts, and only to some past contracts, and (2) that Masda's objective conduct evinced no meeting of the minds because Masda never asked to clarify the vagueness and did not attempt to confirm its interpretation of the term until after a dispute arose. The factual disputes cited by Masda are not material to these conclusions because they do not bear on the definiteness of Brueggemann's statement or on the parties' objective conduct.

The District Court also held that no requirements contract was made, basing this determination on its finding "that there is no other evidence of the parties' intent of a requirements contract save the self-serving certification of Joseph Darche." Masda's legal argument that a requirements contract must be inferred on the basis of a mutual exclusive-dealing arrangement is unavailing because Masda's objective conduct is not consistent with a mutual exclusive-dealing arrangement. The District Court properly declined to infer a reciprocal duty on Masda's behalf to purchase exclusively from Empire, see <u>In re Modern Dairy of Champaign, Inc.</u>, 171 F.3d 1106, 1108 (7th Cir. 1999) (applying Illinois law),

given Masda's continued distribution of a competing manufacturer's product line.  This holding accords with Modern Dairy because here, as in that case, the evidence purporting to establish a requirements contract does so neither explicitly nor by implication and therefore could present no genuine, material issue to a factfinder.  See also Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., 212 F.3d 373, 378–81 (7th Cir. 2000) (applying Illinois law) (citing Modern Dairy, 171 F.3d at 1109).

We see no grounds for reversal in Masda's remaining arguments.  Because alleged contractual terms "so indefinite as to be unenforceable" cannot invoke promissory estoppel, the District Court's disposition of the duration issue forecloses relief on that ground.  Demos v. Nat'l Bank of Greece, 567 N.E.2d 1083, 1088 (Ill. App. Ct. 2001).  Similarly, statements as vague and indefinite as those at issue in this case cannot establish the "reasonabl[e] induce[ment]" necessary to support an equitable estoppel claim.  Industrial Specialty Chems. v. Cummins Engine Co., 902 F. Supp. 805, 813 (N.D. Ill. 1995).  Had Empire committed "actual intentional deceit," it would be "in no position to contend that the party acting upon [its] deception was negligent in doing so," Vaughn v. Speaker, 533 N.E.2d 885, 890 (Ill. 1988), but Masda has not produced the requisite "clear, precise[,] and unequivocal" evidence of such deception.  Jennings v. Bituminous Casualty Corp., 197 N.E.2d 513, 517 (Ill. App. Ct. 1964).  Finally, because Illinois law does not cognize an independent cause of action for breach of an implied duty of good faith and fair dealing, see Voyles v. Sandia Mortgage Corp., 751 N.E.2d 1126 (Ill. 2001), such a claim could only derive from the breach-of-contract claim already dismissed by the District

Court.  Inasmuch as Masda concedes this connection and states that the former claim rests on the same factual disputes that the District Court held to be immaterial to the latter, this issue should require no further exposition.  We affirm the judgment of the District Court in full.