BUTLER v. MILLMAN.

1. WORKMEN'S COMPENSATION—FINAL SETTLEMENT RECEIPTS—AP-
PROVAL.
   Approval by the department of labor and industry of final settle-
   ment receipts under the workmen's compensation act has the
   force of an award (2 Comp. Laws 1929, § 8444).

2. SAME—RULE OF DEPARTMENT OF LABOR AND INDUSTRY CONTRARY
TO STATUTE.
   Rule of department of labor and industry stating that in ap-
   proving final settlement receipt the department determined no
   facts and case might be reopened without requiring proof of a
   change for the worse in condition of employee *held*, contrary
   to statute giving final effect to such approved receipts (2
   Comp. Laws 1929, § 8444).

Appeal from Department of Labor and Industry.
Submitted January 10, 1935. (Docket No. 55, Calen-
dar No. 38,120.) Decided April 8, 1935.

Jess Butler presented his claim for compensation
against John Millman, employer, and Hartford Ac-
cident & Indemnity Company, insurer, for accidental
injury received while in defendant's employ. On
petition for further compensation. Award to plain-
tiff. All parties appeal. Reversed.

*William C. Brown,* for plaintiff.

*Harold S. Knight,* for defendant.

BUSHNELL, J. Following a compensable accident
and payments under an approved agreement, a final
settlement receipt and final report were filed and

approved. Defendant's petition to stop payment, which had previously been filed, was then dismissed. Plaintiff some six months later filed a petition for further compensation, which represented that he was still suffering as the result of his accidental injury, the proofs showing partial disability. The deputy's award for partial disability was reviewed on application of both parties, and affirmed. Defendants claim that since there is neither allegation nor proof of a change for the worse in plaintiff's condition, he cannot recover and the department therefore could not reopen the case because the approved settlement receipt has the effect of a valid award. Plaintiff infers that the settlement receipt was obtained by a fraudulent promise of re-employment, but realizing that his remedy is in equity and not before the department (*Panozzo* v. *Ford Motor Co.*, 255 Mich. 149), he does not urge that phase of the matter.

The remaining question is controlled by *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52. Our recent language in *Glavin* v. *Michigan State Highway Dept.*, 269 Mich. 672, decided December 11, 1934, applies as well to approved settlement receipts, and such an approval has the force of an award.

Plaintiff relies on the following portion of department Rule No. 29 then in effect:

"In approving said settlement receipt, the department determines no facts. Upon the filing and approval of a settlement receipt, the case is closed and may not again be ordered reopened except for a hearing upon a petition filed for this purpose. The person claiming further compensation has the burden of proof to show both that he is entitled to have his case reopened, and that not having recovered

fully from the injury he is entitled to further payment.''

However, such language is without force. The rule cannot change the statute, 2 Comp. Laws 1929, § 8444. The approved settlement receipt is final and binding upon the parties thereto, and in the absence of a change for the worse in his condition, the order of the department must be reversed. It is so reversed, with costs to appellants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.