Clarence Trenhaile, Appellee, v. Quaker Oats Company et al., Appellants.

No. 45282.

June 18, 1940.

Gleysteen, Harper & Sinclair, for appellants.

James B. Linsday, for appellee.

Mitchell, J.—This case comes before us on an appeal from the decision of the district court of O'Brien county affirming the finding of the industrial commissioner, ordering the payment of compensation to the claimant. The Quaker Oats Company and the insurance carrier have appealed.

Clarence Trenhaile, a married man, 58 years of age was

employed by the Quaker Oats Company to operate its elevator at Sheldon, Iowa. He was the sole employee, and had charge of all of the operations of the elevator. He bought grain, but was informed daily by the company as to what price he could pay. He unloaded the grain, took care of the elevators, sold coal, collected the bills and when necessary was authorized to hire additional help. He was directed in all these matters by the superintendent of elevators for the Quaker Oats Company, who called at Sheldon every 30 or 60 days. He received daily communications from the main office.

On the 1st day of March 1937, while in the employ of the Quaker Oats Company and while acting in the scope of his employment, he was injured. Notice was given as provided by law, and, on the 19th day of May 1937, a memorandum of agreement was entered into by and between the Quaker Oats Company as the employer and Clarence Trenhaile as the employee. This memorandum of agreement recognized that the status of employer and employee existed at the time of the injury, and provided for payment at a certain amount weekly. Trenhaile returned to his work on or about July 1, 1937, and continued to work until July 1, 1938.

On October 10, 1938, appellee filed his application, setting out that his injury had resulted in a permanent disability and asked that the case be reopened. On the 18th day of October 1938, the appellants filed before the Iowa industrial commission their answer, which among other things admitted that the relationship of employer and employee existed, but denied that there was any compensation due.

On the 26th day of January 1939, a hearing was held at Sheldon, Iowa, before the deputy industrial commissioner, upon the application to reopen the case. Evidence was offered and at the end of the day, the hearing was adjourned to take evidence at a later date.

On the 2d day of February 1939, the appellants filed an amended and substituted answer, in which for the first time they alleged that the claimant stood in a representative capa-

city for his employer, the Quaker Oats Company, and was therefore not an employee within the meaning of the Iowa Workmen's Compensation Act.

On the 15th day of February 1939, the appellee filed a reply to the amended and substituted answer denying the allegations of the answer, and further pleading that the appellants had waived and were estopped from pleading the alleged defense of representative capacity.

On the 25th day of February 1939, the adjourned hearing was held at Sioux City, Iowa, and additional evidence was offered.

On the 11th day of October 1939, the deputy industrial commissioner filed his opinion reopening the case and awarding compensation, and holding that the relationship of employer and employee existed. The appellants appealed to the district court of O'Brien county and on the 20th day of January 1940, Judge Garberson, the presiding judge, affirmed the reopening opinion, decision and award and ordered the payment of compensation. On February 6, 1940, the appellants appealed to this court.

It is urged that the appellee stood in a representative capacity and therefore was not entitled to compensation; we do not find it necessary to decide this question.

Here we have a record where the appellants and appellee entered into a memorandum agreement as provided by Code section 1436 of the 1939 Code. That agreement provided that the relationship of employer and employee existed, and fixed the amount of compensation. The Quaker Oats Company paid the compensation and never complained. Fourteen months later, an application to reopen the case was filed, and hearing held. The appellant did not then claim that the relationship of employer and employee did not exist. It was not until February 2, 1939, just 26 days before the statute of limitations would run, that the appellants for the first time claimed that appellee stood in a representative capacity and was not entitled to compensation. The hearing was not finished until

the 26th day of February 1939, and the opinion of the industrial commissioner was not handed down until October of 1939. Appellee pleaded waiver, and no attack was made by the appellants as to the legal sufficiency of appellee's plea of waiver.

Clarence Trenhaile changed his position when he entered into the memorandum of agreement. This agreement settles the employment contractual relationship between the parties. The Workmen's Compensation Act was passed with the belief that it would eliminate litigation and provide a speedy remedy.

In this case the sequence of events clearly indicate appellee was lulled to sleep by the memorandum agreement settling the employment status.

For 23 months the appellant admitted that the relationship of employer and employee existed. Then just 26 days before the statute of limitations would have run on a common law action, for the first time they pleaded that a representative capacity existed. At that time a hearing was in progress before the deputy industrial commissioner, which was not decided until October of 1939, after the statute of limitations had run.

No one could read this record and say that appellee had not been misled or changed his position.

Appellants argue that because the two-year statute of limitations (section 11007, 1939 Code) had not run, appellee had not changed his position to his prejudice. It was just 26 days before the end of the two years that appellant raised the question. For over 23 months, they had agreed that the relationship of employer and employee existed. The opinion was not filed until after the two-year period had elapsed.

The appellee's condition was changed to his prejudice. He was lulled into a sense of security and led to believe by the appellants that he could rely upon the memorandum of agreement that they had entered into.

The Quaker Oats Company and its insurance carrier had ample opportunity to investigate their case before entering into the agreement. No fraud is alleged and no effort has been

made to set aside, change, or alter their agreement. By entering into the memorandum agreement, by failing to raise the defense, if it be one, by paying compensation and by waiting until practically the last hour before the statute of limitations would have run, for commencing a common law action, the appellants have waived and are estopped from pleading the defense of representative capacity.

A motion to dismiss was submitted with the case and same is hereby overruled.—Affirmed.

HAMILTON, C. J., and SAGER, MILLER, BLISS, HALE, OLIVER, and Richards, JJ., concur.