FORREST FICKBOHM et al., by their next Friend, OPAL P. KOSIER, Claimants, Appellees, v. RYAL MILLER CHEVROLET COMPANY et al., Appellants.

No. 45249.

920

JUNE 18, 1940.

REHEARING DENIED SEPTEMBER 27, 1940.

· Shull & Stilwill, for appellants.

Baron & Bolton, for appellees.

HALE, J.—Arnold G. Fickbohm, about 29 years old, an employee of the Ryal Miller-Kidder Company, was injured on May 8, 1937, and thereafter a memorandum of agreement was executed between him and his employer and the Utilities Insurance Company, the insurance carrier, which was filed and approved by the Iowa industrial commissioner on July 17, 1937, and a final compensation receipt given. On August 22, 1938, an application for arbitration was filed with the industrial commissioner by the minor sons of the employee, alleging his employment, that on May 8, 1937, he received burns which later developed into peritonitis resulting in his death, and that the employer and the insurance carrier had denied liability. Answer and amendment thereto were filed, alleging:

"That the employee fully recovered from the burns he received on May 8, 1937, and returned to his regular work on July 1st, 1937, and that all compensation payments and expense to which the employee was entitled were fully paid. That the employee, Fickbohm, died in Sioux City, Iowa, on April 7, 1938, from peritonitis resulting from a ruptured gastric ulcer and that said peritonitis was not caused or contributed to by the burns received by the employee on May 8, 1937. That the employee returned to work for the employer on July 1st, 1937, and executed a final receipt certifying that he had fully recovered from his injuries on May 8th, 1937, and that all compensation benefits to which he had been entitled had been paid, which receipt had been filed with, and approved by, the Iowa Industrial Commissioner, and that he continued in his work until October 23, 1937, and that during the period from October 23, 1937, to April 7, 1938, the date of his death, he was employed by other persons unknown to the appellants. That the burns which the said employee received on May 8th, 1937, were received by reason of the employee violating a rule of the employer requiring him to first disconnect the battery of any

motor vehicle before washing it down with an inflammable liquid, and that the employee, in violating said rule, had departed from the sphere or scope of his employment and therefore had placed himself outside of the protection of the Workmen's Compensation Act.''

Hearing was had before the deputy industrial commissioner, and it was therein stipulated that the application for arbitration might be considered as an application to re-open and that the answer and amendment of appellants might stand as if the said application for arbitration had originally been filed as a petition to re-open.

The finding of the deputy commissioner was that Fickbohm died on April 7, 1938, as a result of the injuries sustained by him on May 8, 1937, and compensation was awarded. From this award an appeal was taken to the district court, and from approval of the decision and award by such court appeal was taken to this court.

At the hearing before the deputy commissioner, in addition to evidence introduced by the parties, they stipulated:

''That Arnold G. Fickbohm was employed by Ryal Miller Chevrolet Co. on May 8, 1937, and while washing a motor of an automobile with kerosene it caught fire, and he received second degree burns of the forehead and both arms, and third degree burns of the chest, face, ears and back of hands and shoulders; that he died on April 7, 1938, leaving surviving him two minor children, Forrest Fickbohm and Dwight Fickbohm, at that time seven and five years of age, and also his former wife, Opal M. Kosier, from whom he was divorced in the State of South Dakota, on January 15, 1935; that in said divorce proceedings Opal M. Fickbohm was given the custody of said minor children, and he was ordered to pay $25.00 per month for their support; that Fickbohm at the time of his injuries was earning $12.00 per week; that the Ryal Miller Chevrolet Company is now known as the Ryal Miller-Kidder Company, but is the same Corporation; that if Mrs. Kosier was called she

would testify that the minor children never were adopted by Mr. Kosier; that Exhibits A and B, being the original memorandum as to compensation, and the receipt for final compensation might be made part of the record in the case.''

Fickbohm returned to work after his injury, about July 1, 1937, and continued until October 23, 1937, when he went to Colorado. During this period evidence was introduced to the effect that he was overcome by fainting spells, and coughed and spit up blood, and at various times was compelled to stay away from his work. His attempt to resume regular work was not successful. He returned to Sioux City in the spring of 1938, but on April 2, 1938, was compelled to go to the hospital and on that day was operated upon by Dr. Leahy, who found him suffering from a gastric ulcer which had perforated the wall of the stomach. After four days he died, the immediate cause of death, according to his physician, being diffuse peritonitis and bronchial pneumonia. The evidence does not disclose anythink about Fickbohm's condition during the period of about five months that he was in Colorado, but witnesses testified that on his return his condition was worse. It would seem from the evidence that from the time he attempted to and did resume work, up to the time of his death, his physical condition became progressively worse. Before the injury he was in good health.

At the hearing before the deputy commissioner a great deal of expert testimony was introduced, which it would be impossible to review fully without undue extension of this opinion. As often happens, the physicians who testified were not in agreement. All were no doubt able and experienced doctors, but it appears that gastric ulcers as a result of external burns are of infrequent occurrence and naturally do not often come to the attention even of experienced and busy practitioners. None, however, denied that this form of ulcer might follow external burns, although they stated that this result occurred in a small percentage of cases. Dr. Leahy and Dr. Henkin testified that in their opinion the probable cause of the ulcer and

924

death came from the burns, while Dr. Carney, Dr. Katherman, Dr. Down, and Dr. Larimer, were of contrary opinion. The condition of the patient, as testified to both by lay witnesses and the attending physicians, exhibited symptoms which are those of an ulcer, and this was not disputed by any witness. There was evidence that where gastric ulcers are due to burns, such burns create a toxic condition which passes through the blood and affects the organs of the body. As to various other points the opinions were not in accord. There is a contradiction as to the time when such ulcers will develop, as well as to the ultimate fact—the cause of death. There was naturally some modification on cross-examination. But from these contradictory opinions and in consideration of all the testimony, the deputy commissioner concluded that the burden of proof upon the claimants had been sustained, and that the death was caused by the burns, in the course of and arising out of the employment. This finding, if based on disputed questions of material fact, is conclusive upon the court. See Featherson v. Continental-Keller Co., 225 Iowa 119, 279 N. W. 432, citing Shepard v. Carnation Milk Co., 220 Iowa 466, 470, 262 N. W. 110, 112, and other cases cited. "If, therefore, there is evidence from which the industrial commissioner could have found as he did, the court must not interfere with such findings." Shepard v. Carnation Milk Co., supra.

The only grounds upon which the decision of the deputy commissioner can be set aside on appeal, as applied to this case, are found in Code, section 1453, division 3: "If the facts found by the commissioner do not support the order or decree.", and division 4: "If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

We are satisfied that in this case there was such competent evidence. The rules pertaining to this class of cases have been so frequently set out in our opinions that it is of little value to repeat them, except as referred to above. The application of the facts in many cases presents the most difficulty. We do not attempt to review all the cases cited by appellants. We find none, however, in line with the facts of the case at bar. Our

conclusion must be that there was sufficient competent evidence to support the decision of the deputy commissioner, and the district court in its decision and order.

As to the second question raised by appellants, that the deputy commissioner erred in holding that Fickbohm's injury arose out of his employment when Fickbohm at the time was violating a specific order and a general rule of the employer in failing to disconnect the battery from the motor before using a steel brush to clean the motor after wetting it down with kerosene, we cannot agree with appellants' contention. If we were entitled to consider this question here on its merits, we should be compelled to hold adversely to appellants under the rule announced in Wallace v. Rex Fuel Co., 216 Iowa 1239, 250 N. W. 589. In the case at bar, deceased was at the place where he was required to be, doing the work directed and for which he was hired.

But, as shown by the record, there was approved on July 17, 1937, a final compensation settlement receipt, which was an acknowledgment and determination of the existence of the relationship of employer and employee. We held in Trenhaile v. Quaker Oats Co., 228 Iowa 711, 292 N. W. 799, that this question could not be raised after a memorandum of agreement had been entered into, on the theory of estoppel. The deputy commissioner in his opinion held, and we are disposed to agree, that the agreement not being set aside or attacked on the ground of mutual mistake or fraud remains in the record unchallenged as a binding and enforceable agreement. We hold with the deputy commissioner that this defense is not available under the record.

We conclude that the decision and order of the deputy commissioner, affirmed by the district court, must be, and they are, therefore, affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, STIGER, SAGER, RICHARDS, BLISS, and MILLER, JJ., concur.