EVELYN SHEKER, and EARLINE SHEKER, by her mother and next friend, Appellees, v. S. R. QUEALY, Appellant; BUILDERS AND MANUFACTURERS CASUALTY COMPANY, Appellee.

No. 45766.

JUNE 16, 1942.

REHEARING DENIED OCTOBER 2, 1942.

John H. Mitchell, of Fort Dodge, for appellant.

Paul E. McCarville, of Fort Dodge, for appellees.

Miller, Huebner & Miller, of Des Moines, amici curiae.

HALE, J.—This proceeding was brought by Earline Sheker, by her mother and next friend, and Evelyn Sheker Berg, against S. R. Quealy, the insurance company, being insolvent, not being made a party. The original application for arbitration was filed October 18, 1939, and the order for hearing, made by the industrial commissioner under section 1457 of the Code, regarded such application as a petition for review by way of reopening. To this application a resistance was filed, and thereafter an amended and substituted petition for review and reopening, and an amendment to the resistance. Claimants treated the proceeding as the commissioner had designated it, as under section 1457 of the Code. It was so treated by the district court and is so considered here.

Earl Sheker received a fatal injury, arising out of and in the course of his employment, on February 22, 1934. Evelyn Sheker was his surviving wife and Earline Sheker was born about two months after her father's death. Evelyn remarried on the 1st of June 1938. On the 8th of March 1934, a memorandum of agreement was executed by S. R. Quealy, the employer, and Mrs. Evelyn Sheker, which was approved by the industrial commissioner on March 12, 1934. This memorandum recited the facts that the injury arose out of and in the course of decedent's employment as truck driver; that the employee's actual earnings were $3 per day; that the number of days employed was four days per week, and the compensation rate was computed as $3 times 225 divided by 52, equalling $12.98 times 60 per cent, or $7.79 per week. No claim is made that the method of computa-

tion is incorrect. The compensation period was fixed at 300 weeks; the amount of medical and hospital and relief supplied, $150; and the beneficiary named was Mrs. Evelyn Sheker. The petition for reopening recites that the award should have been made in favor of Evelyn and Earline at the rate of $15 per week for 300 weeks, and states that the defendant has paid for approximately 205 weeks at the rate of $7.79 per week, or the sum of $1,596.95, and claims that there is still owing the sum of $2,903.05, with interest at 5 per cent per annum. It is claimed that Evelyn Sheker Berg is entitled to an award for the difference in compensation paid and compensation legally allowable for a period of 205 weeks, or the sum of $7.21 for 205 weeks, or $1,478.05, with interest at 5 per cent, and is further entitled to receive compensation at the rate of $15 per week from the date of March 1, 1938, until June 1, 1938, the date of her remarriage, or an additional period of approximately 10 weeks at $15 per week, or $150, with interest; and that compensation accruing subsequent to the first day of June 1938, was payable to Earline Sheker, the sole surviving child of Earl Sheker. The resistance and answer alleged estoppel on the part of Evelyn Sheker and any other claimant; that the greatest amount that could be established against anyone in this proceeding would be for a period of not more than 95 weeks and in a sum not greater than that provided for in the order heretofore entered; and that said balance could be made payable only weekly in the future, and without interest. The answer further alleged that the claimant has the right to enforce her claim only against the insurer, and said right must be established and enforced before any claim against the employer in this proceeding; and asks that the proceeding be abated until such time as it may be determined what amount will be paid in the liquidation of the insurer. The answer denied that the claim is open to review, and alleged that the industrial commissioner has no jurisdiction to hear such proceeding on the application filed by the claimant, or to hear any petition for review set forth in claimant's application. The resistance further stated that the employer was at the time of the injury an excavating contractor, and the deceased was employed as a truck driver in connection with such business of excavating, which is a seasonal occupation; and the employer

asked that the award heretofore made be corrected to conform to the facts and that he be credited with the excess payments heretofore made. The matter proceeded to hearing before the deputy industrial commissioner acting for the industrial commissioner, and the proceeding was under Code section 1457. This is the same as section 1457 of the Code of 1935. The section in the Code of 1931 was the same, with the exception that the words at any time "within five years" were not included.

The reopening opinion and award of the deputy industrial commissioner (who will hereinafter be designated as the commissioner) makes a finding of facts as heretofore set out, including the original award, the birth of Earline, and the remarriage of Evelyn, with the allegations of the petition. The issues set out in the commissioner's opinion and award to be determined are the rights, if any, of claimant, and the power of the commissioner to reopen the case for review of the agreement for settlement for the purposes of: (1) Investigation and correction of the weekly compensation rate if it be incorrect; (2) determination of the status of the posthumous child, Earline Sheker, as to her dependency as of the date of the death of her father; (3) determination of the original or primary liability of the defendant employer because of the insolvency of his insurance carrier; and (4) determination of the rights, if any, of recovery as against the employer of the respective claimants.

The commissioner found for claimants, and in his opinion recited that the formula for computation was correct but that decedent was not engaged in a seasonal occupation and the correct compensation under the 300-day rule should be $10.39; that he had power and authority to reopen and correct the former award; that the surviving spouse is entitled to recover from the employer the balance of weekly compensation payments due to the date of her remarriage and that due her on the corrected rate; that the surviving child is entitled to that portion of the compensation payments from the date of its mother's remarriage to the termination of the 300-weeks' compensation period. Claimant Evelyn Sheker was therefore awarded the additional sum of $2.60 per week on 205 weekly payments already made. From the date of the expiration of the 205 weeks to June 1, 1938, she was

allowed $10.39 per week. Earline Sheker, the child, was allowed $10.39 per week for 77 weeks and 2 days. Interest was computed on all amounts allowed.

While the issues set out in the resistance to the application to reopen include more, there are argued and we need consider only two of the propositions urged by the defendants in this case: first, the power to reopen; and second, estoppel as preventing the right of the commissioner to reopen the case. There can be no doubt, under our holding in the recent case of Stice v. Consolidated Indiana Coal Co., 228 Iowa 1031, 1038, 291 N. W. 452, 456, that there is no such right on the part of the commissioner, under the facts of that case. Under such facts, the only matter to be decided was whether there was a right of review in a case where there had been a hearing with testimony introduced. This opinion was filed in September 1940, and held, in substance, that section 1457 of the Code contains no provision for re-examination of matters adjudicated by an award which is subject to review under it, and states:

"It seems to us that this language is subject to but one interpretation, namely, that the decision on review depends upon the condition of the employee, which is found to exist subsequent to the date of the award being reviewed."

It further states:

"To hold that, during the five-year period following an award, there can be no final adjudication with respect to the facts, would render it impossible to afford a speedy and efficient determination of any controversy under the Workmen's Compensation Law. * * * We do not think that the language of section 1457 requires any such interpretation."

Since the Stice case we have also had before us the case of Dietz v. Farmers Elevator Co., 229 Iowa 335, 294 N. W. 571. In this case there had not been a hearing, but, as in the present case, an agreement between the claimant and the employer, approved by the commissioner. On a change of condition the company sought to have the settlement set aside. The court refused to set aside the agreement.

And in the still more recent case of Dietz v. Pioneer Hi-

Bred Corn Co., 231 Iowa 220, 227, 1 N. W. 2d 235, 239, there was an application to set aside a memorandum of agreement. The opinion reviewed Forbes v. Ottumwa Sand Co., 216 Iowa 292, 249 N. W. 399, cited by claimants in this case; Comingore v. Shenandoah Artificial Ice Co., 208 Iowa 430, 434, 226 N. W. 124, 129; Tebbs v. Denmark L. & Tel. Corp., 230 Iowa 1173, 1176, 300 N. W. 328, 329. The opinion in the second Dietz case states:

"The record in this case is strikingly similar to that in Dietz v. Farmers Elevator Company, 229 Iowa 335, 338, 294 N. W. 571, 572. In each case a memorandum of settlement was approved and compensation payments were made and terminated. In each additional compensation was afterwards claimed and the employer and its insurer then contended the memorandum of agreement was erroneously, mistakenly or fraudulently entered. In each there was a failure to prove fraud, in each the claim of mistake was substantially the same and in each a similar excuse for the so-called mistake was made by the employer and insurer. In the cited Dietz case (the Mr. Dietz in the case at bar is a different person) this court used the following language: 'It would seem to require no argument to point out that such a record does not justify setting aside the settlement.' "

It may be taken as established that, in respect to the employment-contractual relation and the injury as one arising out of and in the course of the employment, it is determined by our decisions that there can be no review under section 1457, although there may be in some cases a review of the extent of the disability. And we have definitely determined in the Stice case that there can be no review as to the facts under such section where there was a previous hearing and evidence introduced.

The question now is whether, in a case where there has been a settlement, memorandum of agreement, and approval thereof by the commissioner, there can be a review. The difference between the Stice case and the present case is that in that case there had been a hearing, while in this the award was made on the memorandum of agreement. The commissioner held that the memorandum of agreement as to compensation establishes only two of the factors that may be encountered as issues

in the compensation case except as to the question of fraud—that is, the contractual-employment relationship of the parties, and that the injury arose out of and in the course of the employment. These are not in issue here. And we need not consider the question, since it is neither urged nor argued here, as to whom the payments are due as dependents; but on the latter question, see Davey v. Norwood-White Coal Co., 195 Iowa 459, 192 N. W. 304. But we doubt the right of the commissioner to reopen under the facts of this case.

Various cases are cited by the commissioner in his opinion, some of which are cited by the claimants herein. Comingore v. Shenandoah Artificial Ice Co., supra, is authority only for the proposition that the commissioner may correct an approved agreement to conform to the manner of payment provided by law, and cites and states that it follows the case of Kramer v. Tone Bros., 198 Iowa 1140, 1143, 199 N. W. 985, 987, where the correction seems to have been made by the court in the way of the addition of the words "being $15 per week for a period of 300 weeks." The question of the right to reopen was not discussed, the court merely saying:

"* * * the application was simply to require the employer and the insurance company to pay the full compensation fixed by statute and the *agreement of settlement.* [Italics ours.] Strictly, it may be that it is not a reopening at all, but an application, under the general provisions of the act, for an order where the parties disagree as to the payment of compensation."

The holding in these cited cases, then, does not go to the right to reopen, but to require payment in accordance with the law.

There is also cited by the commissioner Trenhaile v. Quaker Oats Co., 228 Iowa 711, 292 N. W. 799. We do not see how the holding in that case supports the position of the commissioner here. The case relates to estoppel, holding that the employer could not change his position by way of defense, but the case was reopened for hearing, with apparently no objection from either side, and there was, in fact, evidence of a change of claimant's condition. See, also, the case of Fickbohm v. Ryal Miller Chev. Co., 228 Iowa 919, 292 N. W. 801, which also was an

estoppel case, and in which the employer was not permitted to deny that the injury arose out of and in the course of the employment, when, after joining in the memorandum of agreement, which was not attacked on the ground of mutual mistake or fraud, it remained in the record unchallenged as a binding and enforceable agreement. The cases cited do not support the commissioner's finding that there was no estoppel in the instant case. In this Fickbohm case also there was a change of condition alleged, and the right to reopen is not argued.

The commissioner in the case at bar held that the case came within the provisions of Code section 1457, which provides for review of awards or settlements, and is as follows:

"Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee at any time within five years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon."

This is the same provision as was found in the Code of 1931, except as to the words "within five years from the date of the last payment of compensation made under such award or agreement," which were added later, in 1933, and are found in the 1939 Code. This section provides for an award for payments or agreement for settlement and review under certain circumstances. That is, if the condition of the employee warants such action, the original award for payment may be reviewed.

The holding in the Stice case, supra, was that such review might not be had after an award, on a hearing, and the question was determined under the conditions of that case. In the present case the employer claims that the original award, whether made on a full hearing at the time or upon an agreement for settlement, shall be a finality. In a death case such as we have here, there could, of course, be no change in condition, and defendant does not claim that if fraud or mutual mis-

take appears there might not be a re-examination. But in this case there is no fraud. We find no evidence that would indicate a mutual mistake. There is nothing to indicate in any way that there was any imposition practiced upon the commissioner or upon the employer by the claimants. The original memorandum of agreement sets out the nature of the disability, which was fatal, the earnings per day, and the computation of the compensation rate. Both parties agreed and each may be presumed to have had knowledge of the facts. It may also be presumed that the commissioner who approved the settlement on March 12, 1934, was apprised of the nature of the settlement, and we have a right to presume that the officer charged with such duty actually did his duty, with knowledge of the agreement which he approved. In 71 C. J. 941, section 699, it is said:

"Subject to modification or cancellation of a reopening or review of the case for sufficient cause within the period of time specified by statute, an agreement which has complied with the requisites of the act, including approval by the court or industrial commission when that is required, is final and binding on the parties thereto, and the industrial commission has no jurisdiction to make further orders. By approval the agreement becomes equivalent to, and acquires the force and effect of, an arbitral award or an award made after a full hearing, and has the force of a judgment, or may form the basis of a judgment for the purpose of enforcing payment of compensation."

See cases cited thereunder. See, also, Chittenden v. Jarvis, S. D., 297 N. W. 787; Butler v. Millman, 271 Mich. 113, 259 N. W. 877.

We repeat, there could be no change of condition in the case at bar. We believe that a settlement made, apparently in good faith and with the approval of the commissioner, where there is no question of fraud or of mutual mistake and no showing of change of condition, should be entitled to be held as final and would necessarily preclude the reopening. To hold that the commissioner, in cases where there is no fraud or mistake, may, after a long time, review former holdings, his own

or of a former commissioner, and reconsider and reverse or review former findings of fact, is to unsettle practically all settlements and decisions of the commissioner within five years from the date of the last payment and thus tend to defeat the very purpose for which compensation laws have been enacted. In the language of Flint v. City of Eldon, 191 Iowa 845, 847, 183 N. W. 344, 345:

"The purpose, intent, and scheme of workmen's compensation legislation is well understood, and its historical significance has been frequently expressed in decisions. The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act."

Both employer and employee have a right to believe that a settlement once entered into in good faith will remain fixed and certain, and, in the absence of fraud or mistake, will determine the rights of the parties. Facts may be reviewed in the manner prescribed by law, on appeal, or on a change of condition; but to hold, as we are here asked to do, that this claim, without fraud or mutual mistake shown, is subject to a review of the facts, is carrying the right of review further than could be intended and further than either employer or employee has a right to expect. See Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 194 N. W. 286. We have seen that under the holding in the Stice case there can be no such change after a previous hearing under the provisions of Code section 1457. We are satisfied that, where there is no change in condition, in the absence of fraud or mutual mistake, there should be no such additional hearing in a case such as this where the award was made upon an agreement.

The claimants rely on and cite in their reply to the brief and argument of the amici curiae, the case of Forbes v. Ottumwa Sand Co., supra. In this case there was, as in the case at bar, an agreement between the employer and the dependent of the deceased employee. This provided for a lesser compensation than that required by statute and the holding of the court in such case was that the same was invalid, being based on the seasonal operation of the employer. As a matter of fact, the sand company

was in operation for practically the entire year, being engaged in the sand-and-gravel business for a portion of the year and the ice business, and sale and storage of ice, for another considerable part of the year. It was not a seasonal occupation, but it will be noted that the memorandum of agreement between the employer and the claimant, although made before that time, was not approved until July 14th, and four days later, within the time for appeal, and without any injury or loss of rights to either party, and while the case was still within the jurisdiction of the commissioner, the counsel for claimant filed with the commissioner an application to reopen the case, such application being made promptly, and within the very short time between the application for reopening and the approval of the commissioner being followed by a hearing in which it was held that, under the provisions of sections 1415 and 1378 of the Code, the contract or memorandum was not such as should have been approved; and, as the opinion itself says:

"In as much as the memorandum of settlement was *invalid on its face*, it would seem to follow that the order of approval by the commissioner was equally so. [Italics ours.] The logical result of such a situation would be to regard the case as still pending before the commissioner and undisposed of by him. As already indicated, it was so treated by all the parties in the final hearing before the commissioner." 216 Iowa 292, 295, 249 N. W. 399, 400.

We have not undertaken to review the facts in the present case, as shown by the evidence on rehearing, as to whether the employment was other than seasonal, but see, Polich v. Anderson-Robinson Coal Co., 227 Iowa 553, 288 N. W. 650. It is our holding that there could be no reopening and review, and further, that there was an estoppel.

The recent case of Trenhaile v. Quaker Oats Co., supra, had relation to a memorandum of agreement made shortly after an injury to a grain-elevator operator, which agreement recognized the relationship of employer and employee, and provided for workmen's-compensation payments for the injury, and led the injured person to believe that he could rely on such memorandum. Thereafter, the employer, shortly before the period of limitation

expired, undertook to deny the relationship was as had been previously agreed to by him. The court held that the appellee's condition was changed to his prejudice, that he was lulled into a sense of security and led to believe by appellant that he could rely on a memorandum of agreement they had entered into. This was held to be an estoppel, and as to such matters could not be further litigated.

And so in Fickbohm v. Ryal Miller Chev. Co., supra, a final compensation-settlement receipt was held to be such an acknowledgment and determination that it could not afterward be attacked but would remain unchallenged as a binding and enforceable agreement.

In the instant case, after the payments had been agreed upon, the nature of the employment necessarily agreed upon and approved, the character of the employer's business determined and approved by the commissioner, the employer had a right to believe and rely upon the agreement there made. At the end of 205 payments there remained 95 payments yet to be made of the original agreement and award. The insurance company became insolvent and the employer was apparently liable for the remaining payments of the award. Thus, after an approved settlement, without any contest or appeal, protected, as he supposed and for a time was, by his policy of insurance, he is now confronted with the demand, not only for the additional payments but for an additional sum on the payments already made and for which he had paid, and obtained the protection of insurance, now no longer available to him. We cannot agree that he should be held to any additional payments other than those originally agreed upon. It is our opinion that to hold with the claimants in this case would be to depart from the purpose of the law, which is for the benefit of both employer and employee and supposed and intended to provide for a speedy and certain adjustment of any liability that might arise through such employment.

We have not discussed the liability of the employer or the dependency of the posthumous child, which are not assigned or argued by the defendant. There seems to be little doubt as to either proposition, and so far as they are concerned we do not disturb the ruling of the district court.

The case is, therefore, affirmed in part and reversed in part, and is remanded to the district court for a decree in conformity with this opinion.—Affirmed in part; reversed in part, and remanded.

BLISS, C. J., and SAGER, MILLER, MITCHELL, and WENNERSTRUM, JJ., concur.

OLIVER and GARFIELD, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent.

Code section 1415 provides:

"Waivers prohibited. No employee or dependent to whom this chapter applies, shall have power to waive any of the provisions of this chapter in regard to the amount of compensation which may be payable to such employee or dependent hereunder."

Code section 1378 provides:

"Contract to relieve not operative. No contract, rule, regulation, or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this chapter except as herein provided."

Code section 1436 deals with compensation agreements and provides, in part:

"Such agreement shall be approved by said commissioner only when the terms conform to the provisions of this and the preceding chapter."

Accordingly, we held in Forbes v. Ottumwa Sand Co., 216 Iowa 292, 249 N. W. 399, that a memorandum of settlement, which did not allow the true and correct legal amount to which claimant was entitled under the compensation act, was invalid on its face; that the order of approval by the commissioner was equally invalid; and that the case would be regarded as still pending before the commissioner, and undisposed of by him. In that case the jurisdiction of the commissioner was challenged.

In Comingore v. Shenandoah Artificial Ice Co., 208 Iowa

430, 431, 226 N. W. 124, 125, we said that even though the memorandum of settlement was technically correct, the claimant was attempting to put a construction thereon contrary to the provisions of the Compensation Act and that the commissioner had jurisdiction to act several years after the memorandum was approved. In that case some defenses pleaded were "a settlement and estoppel, a prior award, want of jurisdiction on the part of the commissioner, * * * ."

In Dietz v. Pioneer Hi-Bred Corn Co., 231 Iowa 220, 1 N. W. 2d 235, these cases were discussed with the statement that the only proof required to change the approved memorandum in such cases was that it was erroneous.

In Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 1273, 194 N. W. 286, 288, we said:

"No one will assume to affirm that if a workman has signed an agreement which secures to him substantially less than the amount to which he is entitled under the schedule on the basis of time lost or injury actually sustained, that he will be bound by the agreement."

This is not a case of change of condition. It has to do with a memorandum of settlement, allegedly invalid under the statute, and an approval, also allegedly invalid.

The apparent purpose of Code section 1415 is the protection of the workman. The legislature evidently enacted this statute to insure he would be paid no less than statutory compensation. Section 1378 similarly affects the employer. Therefore, the legislature put it out of the power of either the workman or the employer to reduce the amount and by section 1436 forbade the approval of an incorrect memorandum of agreement.

GARFIELD, J., joins in this dissent.