HOWARD I. BAIR, appellant, v. BLUE RIBBON, INC., and STATE
AUTO AND CASUALTY UNDERWRITERS, appellees.

No. 51383.

(Reported in 129 N.W.2d 85)

JUNE 9, 1964.

Westfall, Laird & Burington, of Mason City, for appellant.

Brown, Dresser, Kinsey & Jolas, of Mason City, for appellees.

STUART, J.—The question for our consideration is whether the Industrial Commissioner has jurisdiction to determine liability of the insurer under a "voluntary compensation endorsement" to a workmen's compensation policy providing benefits to a person not deemed an employee under the Act.

I.   Claimant has been president and manager of the employer, Blue Ribbon, Inc., since 1951. State Auto and Casualty Underwriters carries the workmen's compensation insurance for the employer. A rider was attached to the policy which stated in part:

"1. Insuring agreement I of the policy is amended by adding thereto an additional coverage as follows: COVERAGE C— VOLUNTARY COMPENSATION. To pay on behalf of the insured, if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for com-

pensation if the injured employee and the insured had been subject to the workmen's compensation law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment."

The endorsement named the claimant as the "group of employees" and designated the Iowa Workmen's Compensation law. The employer paid an additional premium for this coverage.

On the 6th of November, 1962, claimant suffered a coronary occlusion and on the 28th of May, 1963, he filed a petition for arbitration claiming that he was an employee of Blue Ribbon, Inc. and alleging that he was permanently partially disabled by this heart attack which arose out of and in the course of his employment. The insurer admitted claimant was an employee and sustained a coronary occlusion, but denied it arose out of and in the course of employment.

At the hearing before the deputy industrial commissioner the insurer stipulated as to the policy and the rider but objected and excepted "to the commissioner taking jurisdiction of the case at this time." The evidence disclosed the nature of claimant's employment and his position with the company. It was agreed that he was not an employee within the Workmen's Compensation Act because of the definitions contained in section 85.61 of the Code, which in its pertinent parts provides:

"2. 'Workman' or 'employee' means a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, except as hereinafter specified.

"3. The following persons shall not be deemed 'workmen' or 'employees': * * *

"c. A person holding an official position, or standing in a representative capacity of the employer, * * *."

The deputy industrial commissioner dismissed the petition for want of jurisdiction of the subject matter. He was affirmed by the commissioner in his review decision and the district court on appeal. We affirm the district court.

"* * * a court has jurisdiction of the subject matter if,

under the law defining its power and jurisdiction, it has authority to hear and determine the general class of causes or proceedings to which that in question belongs. * * * [citing cases]." Reinsurance Life Co. v. Houser, 208 Iowa 1226, 1228, 227 N.W. 116.

█ "Administrative agencies are tribunals of limited jurisdiction. Their jurisdiction is dependent entirely upon the validity and the terms of the statutes reposing power in them, and they cannot confer jurisdiction on themselves. If the provisions of the statutes, at least the basic mandatory provisions and the conditions precedent, are not met and complied with, they have no jurisdiction." 2 Am. Jur.2d 150, 151, Administrative Law, section 328.

█ "The industrial commissioner has only such powers as are expressly conferred by statute and those reasonably to be implied therefrom." Travelers Insurance Co. v. Sneddon, 249 Iowa 393, 395, 86 N.W.2d 870. "* * * a court should not restrict the terms and provisions of the statute or the implied power incident to the exercise of his jurisdiction." Comingore v. Shenandoah Artificial Ice, Power, Heat & Light Co., 208 Iowa 430, 440, 226 N.W. 124; Brauer v. J. C. White Concrete Co., 253 Iowa 1304, 1308, 115 N.W.2d 202.

█ The office of industrial commissioner has been created by statute to act as a tribunal to hear and determine matters arising under the workmen's compensation law. The commissioner would clearly have the authority to determine whether claimant was or was not employed in a representative capacity if the claim were being made under the Workmen's Compensation Act. Here, however, it is conceded the claimant is employed in a representative capacity and the claim is not made under the Act, but under the additional coverage afforded by the rider set forth above. This is, therefore, an effort, not to have the commissioner determine a workmen's compensation case or matters related thereto, but to extend his jurisdiction to a contractual matter outside the provisions of the Act on the ground that the liability and benefits under the contract are based upon the provisions of the Act.

The Illinois court considered a similar question in Morris

v. Central West Casualty Co., 351 Ill. 40, 42, 183 N.E. 595, 596. Action was brought in the Superior Court to recover for the death of the employer under an endorsement on a workmen's compensation policy in which the company undertook to insure him for "injuries and/or death suffered by the employer * * * in the same manner and under the same conditions as it would apply to injuries and/or death suffered by an employee." It was urged that jurisdiction was in the commissioner rather than the court. The Illinois court said:

"What was really done by the defendant and Morris in attaching the rider to the compensation policy was this: That the defendant expressly agreed with Morris to indemnify him against injury, or his dependents in the event of his death, in the same manner and to the same extent as if he had been an employee instead of an employer. The manner or condition of the injury or death and the extent of the defendant's liability would be determined by the provisions of the Compensation Act. In other words, the defendant and Morris mutually agreed that the Compensation Act should be the standard to determine the defendant's liability under the policy and rider, and that when such liability was thus determined the provisions of the Act should be also used as the yardstick to measure the money payment incurred by the liability, figuring, however, on a basic remuneration of $2500. These policy provisions did not bring the situation here litigated under the Compensation Act. The plaintiff sought to enforce her right by the proper form of action and in the proper forum. Her rights under the policy and rider must be judicially and not administratively determined." Page 45 of 351 Ill., page 597 of 183 N.E.

See also: Zurich General Accident & Liability Ins. Co. v. Industrial Accident Commission, 191 Cal. 770, 218 P. 563; Gnagey v. Pennsylvania Threshermen & Farmers Mutual Casualty Ins. Co., 332 Pa. 193, 2 A.2d 740.

The claimant's proper forum here is the district court rather than the industrial commissioner.

II. Claimant also argues that the insurer waived the defense of the representative capacity of claimant and is estopped from asserting it, citing 100 C. J. S., Workmen's Compensation,

section 401, page 183; Trenhaile v. Quaker Oats Co., 228 Iowa 711, 292 N.W. 799; Fickbohm v. Ryal Miller Chevrolet Co., 228 Iowa 919, 292 N.W. 801. In these two cases we held insurer was estopped from asserting defenses on a reopening following a memorandum of agreement. We have no quarrel with the law stated in these cases, but they are clearly distinguishable from the one before us here. In both cases recovery was sought as an employee under the Workmen's Compensation Act. In Quaker Oats the question raised on reopening was whether claimant was in a representative capacity. The memorandum agreement had recognized him as a covered employee. The insurer was not allowed to raise the issue first pleaded just 26 days before the statute ran on his common-law claim. In Fickbohm the insurer was not permitted to raise the issue of "course of employment" upon reopening.

Here recovery is not sought under the Act but on the contract set out in the rider, as heretofore discussed, and neither consent nor waiver can be used as a device to extend the commissioner's jurisdiction.

"An administrative agency cannot enlarge its own jurisdiction nor can jurisdiction be conferred upon the agency by parties before it. Accordingly, it is held that deviations from an agency's statutorily established sphere of action cannot be upheld because based upon agreement, contract, or consent of the parties, nor can they be made effective by waiver or estoppel." 2 Am. Jur.2d 152, Administrative Law, section 331.

"It is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law, and, accordingly, it is well established as a general rule that, where the court has not jurisdiction of the cause of action or subject matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement, or other conduct of the parties. * * *." 21 C. J. S. 127, 128, Courts, section 85. See also 14 Am. Jur. 380, 381, Courts, section 184.

"Consent as Conferring Jurisdiction. It is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained

666

by consent of the parties, waiver, or estoppel." 14 Am. Jur. 380, Courts, section 184.

■ " 'An objection based upon the want of jurisdiction of the court over the subject matter of the action may be raised at anytime, and is not even waived by consent. If the law withholds from a court authority to determine a case, jurisdiction cannot be conferred, even by the consent of parties.' " Johnson v. Purcell, 225 Iowa 1265, 1267, 282 N.W. 741.

■ III. Claimant also argues that representative capacity is a special defense, which by statute must be pleaded or it is waived. This is, of course, true in a workmen's compensation matter. We have here held, however, that recovery is not sought under the Act, but under a separate contract under which he must prove his representative capacity, rather than the lack of it, in order to be successful.

The deputy commissioner correctly dismissed claimant's petition for want of jurisdiction of the subject matter.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.