E. REX BRUNER, appellee, v. W. L. KLASSI and KLASSI AGRICULTURAL CHEMICAL SERVICE, employers, appellants.

No. 47726.

(Reported in 44 N.W.2d 366)

OCTOBER 17, 1950.

James H. Graven, of Greene, and R. W. Zastrow, of Charles City, for appellants.

Senneff & Bliss, of Mason City, for appellee.

HALE, J.—The claimant, E. Rex Bruner, is an experienced flyer of airplanes, and the defendants W. L. Klassi, Norman Wolters, Dale Marsh, and Charlene Rucker were doing business under the name of Klassi Agricultural Chemical Service, which business consisted of chemical spraying by airplanes. These airplanes and equipment were owned by W. L. Klassi. The claimant, as a pilot, was employed at the rate of 40¢ per acre for spraying, and paid at the rate of $45 per week for working on the ground, and was to carry his own insurance. The contract for employment was made a day or two before July 4, 1948.

On July 9, 1948, in pursuance of instructions given by Mr. Klassi, claimant went to a farm in the vicinity of Parkersburg to finish a job that had been left incomplete in that some of the spraying had not been finished, and claimant and another flyer were to finish it. There was evidence that there were twelve to twenty rows on which claimant was to work. Claimant, as a witness, stated that he was spraying the field that he was told to spray; that on leaving the field he was unable to pull above an electric wire along the edge and had to go under it, and hooked a telephone wire, resulting in a crash and injury to the employee-claimant.

This action was brought under the arbitration provision of the Workmen's Compensation Act. The deputy commissioner was sole arbitrator. He allowed claimant $800 for lost time and

$208.96 for surgical and hospital bills. The commissioner affirmed the action of the arbitrator, with the provision that the payment should bear interest. On this award appeal was taken to the district court which affirmed the commissioner's finding. From this ruling of the district court the defendants appeal. Defendants cited various cases but this appeal is based only on the ground that Bruner was not injured in the course of his employment.

A statement of errors, consisting of one division, alleges that the deputy industrial commissioner, the industrial commissioner, and the court erred in finding that the claimant, E. Rex Bruner, was injured in the course of his employment while in the employ of the defendant W. L. Klassi. The court, in its findings of fact in sustaining the commissioner's finding, states that "the claimant was injured in the course of his employment by the defendants, and was not at the time engaged in agricultural pursuits." The court cited in support of his findings and conclusions of law the cases of Fickbohm v. Ryal Miller Chevrolet Co., 228 Iowa 919, 292 N.W. 801, Griffith v. Norwood White Coal Co., 229 Iowa 496, 294 N.W. 741, and Wallace v. Rex Fuel Co., 216 Iowa 1239, 250 N.W. 589; also section 86.29 of the 1946 and 1950 Codes, and found that there was ample and substantial evidence to support the commissioner's findings, and affirmed his ruling.

We will note first the effect of the section referred to by the district court in relation to the decision on appeal. Section 86.29, referring to appeal from the finding of the industrial commissioner, is as follows:

"The transcript as certified and filed by the industrial commissioner shall be the record on which the appeal shall be heard, and no additional evidence shall be heard. In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

The 1946-1950 Code provision as to reversal of an order or decision of the industrial commissioner is section 86.30, and such decision may be modified or reversed on the four following grounds:

"1. If the commissioner acted without or in excess of his powers.

"2. If the order or decree was procured by fraud.

"3. If the facts found by the commissioner do not support the order or decree.

"4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

Of course there is no claim that the commissioner can be reversed on the first two grounds, but it is urged that the commissioner erred on the third ground. From a reading of the evidence it seems to us that the evidence is ample to bring the decision of the district court within the provisions of section 86.29.

The defendants urge that the evidence shows that claimant had no authority to spray the rows in question. They charged, and there was some evidence to support it, that there was a conversation relative to the spraying and that Bruner knew or should have known by the conversation at the airport that the spraying would be done by Dale Marsh, and that a signalman in the field was to show that the spraying was satisfactory, since such signalman knows where the pilot is to go and advises him whether or not the spraying is good. These statements of the defendants were disputed. However, the testimony of the claimant was that he was spraying the field that he had been told to spray, and that he had no knowledge or information he was not to spray those rows; that he was told in the beginning that he should spray them. And again he states: "I knew that we were going to spray those twelve rows—that was a part of the job." The testimony of Harmon Knock, a man who was contracting for the jobs on behalf of Klassi, was: "I knew they were going to spray those twelve rows—that was a part of the job. I knew they were to spray the twelve rows where Bruner got hurt."

Bruner also testified that he did not hear any conversation that Marsh was going to spray the rows—"I did not know that he was going to spray them. I would not have sprayed them if I had known that he had sprayed them. I did not hear anyone say that they should be sprayed from the highway."

It appears to us that there was ample evidence of a conflict in the evidence. In such case, under the provisions of the statute, so far as an appeal is concerned, the finding of the commissioner is conclusive and final. There is ample authority for so holding. Among the cases cited by claimant is Sinclair v. McDonald, 229 Iowa 1234, 1236, 296 N.W. 362, 363, quoting from the opinion in Smith v. Soldiers' and Sailors' Memorial Hospital, 210 Iowa 691, 694, 231 N.W. 490, 492, where the court said:

" 'If the case were triable as an action at law, to a court and a jury, would there be a question of fact to be submitted to the jury for its determination? If the answer to this question be in the affirmative, then the determination thereof by the industrial commissioner, the trier of the facts, is conclusive upon the courts. If the answer to said question be in the negative, then it would be proper for the court to direct a verdict, and in that event, it becomes a question of law, for the determination of the court.' "

Claimant cites a statement from the case of West v. Phillips, 227 Iowa 612, 617, 288 N.W. 625, 627, as follows: "If there was competent evidence to sustain the decision of the industrial commissioner, the trial court erred in reversing the award."

Also cited is the case of Reddick v. The Grand Union Tea Co., 230 Iowa 108, 114, 296 N.W. 800, 803. In this case the award of the deputy commissioner and commissioner had been reversed by the district court. However, upon appeal this court reversed the district court, stating:

"This court has repeatedly called attention to the functions of the industrial commissioner and the court in cases of this character. Where the facts are in dispute, or where reasonable minds may differ on the inferences fairly to be drawn from the proven facts and circumstances, the findings of the commissioner are conclusive. And this is true even though the court might arrive at a different conclusion from the evidence. If the evidence presents a question which should have been submitted to the jury, if the trial were before a jury, then the court is bound by the findings of the commissioner. Had this case been

triable to a jury on the record made before the commissioner, would· a directed verdict for the employer have been justified? If so, this case should be affirmed. If not, it must be reversed." Citing West v. Phillips, supra, Smith v. Soldiers' and Sailors' Memorial Hospital, supra, and Flint v. City of Eldon, 191 Iowa 845, 183 N.W. 344.

See also Fickbohm v. Ryal Miller Chevrolet Co., supra, where the court, in reversing the district court, held that deceased was at the place he was required for doing the work directed and for which he was hired. To the same effect see Griffith v. · Norwood White Coal Co., supra, and Wallace v. Rex Fuel Co., supra, in which it is said at page 1248 of 216 Iowa, page 593 of 250·N.W.:

"As suggested in some of the foregoing cases, it must be said that the deceased in the case before us was injured at the very place he was expected to be and while performing the precise service he was expected to perform. That he was negligent, grossly so, may be conceded. This, however, will not defeat recovery."

The defendants cite Wallace v. Rex Fuel Co., supra, in support of their claim that the injury to claimant in this case did not arise out of and in the course of his employment, and urge that in the Phillips case the claimant was in a place he was supposed to be and doing the thing he was supposed to do, but in the performance of his duty violated an instruction of his employer, and intimate that in the case at bar the employee was in a place. he was not supposed to be. However, there was competent evidence to the contrary, as is the case with other authorities cited, as in Kraft v. West Hotel Co., 193 Iowa 1288, 188 N.W. 870, 31 A. L. R. 1245, where the injury to employee arose out of his own conduct in needlessly exposing himself. They cite other cases where there was a violation of instructions, which such violation resulted in injury. None of the cases cited applies to the facts in the present case.

Defendants intimate that the overwhelming testimony of disinterested witnesses is that claimant had no authority to spray the rows in question, and that under the record he knew Marsh was doing the spraying and was to respray them if necessary.

We are not so confident that the overwhelming testimony is as defendants declare, but there was ample testimony to the contrary.

We are not to determine the weight of the testimony, but to find whether or not there is competent evidence to bring the action within the rules set down in Code section 86.29. We find no error in the ruling of the district court in this appeal and the cause is therefore affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.